## EDMUND C. WOOD *vs.* WILLIAM E. HOLAH.

Third Judicial District, Bridgeport, October Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A petition for a new trial is addressed to the discretion of the court, and will not be granted where the error or irregularity is harmless.

In the present case the ground relied upon was the action of the trial judge in suffering a witness for the losing party to talk to him about the case before its decision, although he endeavored by his manner to discourage the witness and to indicate to him the impropriety of his conduct. It appeared that the witness acted without the solicitation or knowledge of either party and with no thought of wrong-doing, and the court below found that the conversation did not affect the decision of the cause. *Held* that there was no abuse of judicial discretion in denying a new trial under these circumstances.

When the prevailing party is without fault, the misconduct of a trier, whether judge· or juror, does not *ipso facto* justify the grant of a new trial. It must also appear that the losing party was, or at least might have been, harmed thereby.

A possibility of resultant injury, however, becomes of no importance, if it is found that in point of fact no injury followed.

Argued October 24th—decided December 17th, 1907.

PETITION for a new trial, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered denying the petition, and appeal by the petitioner. *No error.*

The case for which a new trial was sought was that of *Wood* v. *Holah*, reported in 79 Conn. 215, 64 Atl. 220. Judgment for the defendant was rendered therein. The plaintiff thereafter brought the present petition, alleging, as the sole reason why a new trial should be granted, improper conduct on the part of the acting-judge who tried the cause, which was prejudicial to the plaintiff. The court below found that after the conclusion of the trial and before the rendition of judgment, one of the witnesses for the plaintiff had a conversation with the judge concerning the case, which conversation is detailed in the

finding, as are also the circumstances under which it was had. It was found that the witness' action was without solicitation or knowledge of either party, with no knowledge on the witness' part of its impropriety, and in spite of the judge's endeavors to show to the witness by his manner that he wished the conversation closed. It was also found that the conversation did not affect the decision of the case.

*Frederick W. Holden* and *Walter A. Holden*, for the appellant (petitioner).

*George E. Hill*, for the appellee (respondent).

PRENTICE, J.  A petition for a new trial is addressed to the discretion of the court and will never be granted except upon substantial grounds. It will not be granted where the error or irregularity is a harmless one. *Lester* v. *State*, 11 Conn. 415, 418 ; *State* v. *Brockhaus*, 72 id. 109, 116, 43 Atl. 850. The action of the court thereon being discretionary, it will not ordinarily be reviewed. As, however, the discretion which the court is called upon to exercise is not an absolute but a legal one, this court will upon appeal set aside its action when it appears that there was a misconception on its part as to the limits of its power, that there was error in the proceedings preliminary to the exercise of its discretion, or that there was a clear abuse in its exercise of that discretion. *Carrington* v. *Holabird*, 17 Conn. 530, 539 ; *Gannon* v. *State*, 75 id. 576, 578, 54 Atl. 199 ; *Selleck* v. *Head*, 77 Conn. 15, 17, 58 Atl. 224.

In the present case there is no claim that the court misconceived the limits of its powers, or that error entered into the proceedings upon the petition preparatory to the court's final action. If the denial of the prayer of the petition is to be set aside, it must be for the reason that such denial was an abuse of the judicial discretion, upon the facts found as to the irregular conduct of the trial judge. The court below found that this conduct, improper though

it was, did not influence the decision of the case. This finding of the harmless character of the misconduct, if it is to stand, justifies the denial of the petition upon the recognized principle already stated.

But it is urged that it was not competent for the court below to reach that conclusion. It is said that the law limits the powers of a trial judge, in passing upon a question of this character, to a finding that the judge guilty of impropriety was unconscious of prejudice, and that the law, for reasons of public policy, attaches to misconduct of the kind in question the ineffaceable stamp of not only impropriety but of prejudice to the rights of the parties. This contention is thus made to assume two different aspects. In respect to the alleged limitation upon the power of the court in its finding of fact, it is apparent that it arises from a misapplication of the language of this court used in characterization of statements as to one's own mental attitude and the influences which have operated upon him, to a judicial finding as to cause and effect as related to others. *Harris* v. *Woodstock*, 27 Conn. 567, 572 ; *Peck* v. *Pierce*, 63 id. 311, 316, 28 Atl. 524 ; *Spiro* v. *Nitkin*, 72 Conn. 202, 206, 44 Atl. 13.

In respect to the broader claim—that the law conclusively implies prejudice from judicial misconduct of the kind in question—it is to be noticed that no such implication is made when a juror has been guilty of improper conduct, and no reason has been suggested, or suggests itself, why a more stringent rule should be applied where the misconduct is that of a judge. The misconduct of a trier, whether judge or juror, where the prevailing party is without fault, does not *ipso facto* justify the grant of a new trial. There must appear to have been prejudice to the unsuccessful party, or at least the possibility of it, before a court will be justified in depriving the successful party of the results of the litigation which he has by fair methods obtained. *Pettibone* v. *Phelps*, 13 Conn. 445, 450 ; *Hamilton* v. *Pease*, 38 id. 115. The reasons for this rule are cogently stated in the first of these cases.

Counsel for the defendant insist that the present situation brings the case within these limitations, and that their client is therefore entitled to the relief sought. They urge that a finding that the defendant was not in fact harmed, is not conclusive against him in the absence of a further finding that he might not have been harmed. This contention is based upon a misconception of the doctrine of the cases cited by them, including *Pettibone* v. *Phelps*, 13 Conn. 445. The possibility of harm, which is regarded as of itself justifying the grant of a new trial, is one which involves a doubt in the mind of the court as to the actual consequence of the impropriety in its influence upon the trier, which it is unable upon the evidence before it to resolve with sufficient certainty to warrant a definite conclusion. The existence of a possibility, even a reasonable one, of resultant injury, loses all its importance in the presence of a definite determination as to the actual consequence. When that consequence is satisfactorily ascertained, the action of the court in granting or denying a new trial is to be determined thereby. When it appears that the successful party has not been benefited by the misconduct, or the losing party injured, a new trial will be refused. *Tomlinson* v. *Derby*, 41 Conn. 268, 274.

There is no error.

In this opinion the other judges concurred.