MARY F. BRODIE *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Where the evidence is evenly balanced, the party on whom rests the
burden of proof cannot prevail, and an instruction to that effect, if
requested, should be given to the jury. But a failure to instruct
them specifically upon this point is not harmful to a losing defend-
ant if the jury are distinctly told that the plaintiff, in order to
recover, must prove the material allegations of his complaint by a
fair preponderance of the evidence, since there can be no equipoise
where there is a preponderance of proof.

Exceptions to detached portions or clauses of a charge are to be read
and disposed of in the light of the instructions as a whole.

It is within the province of a jury to accept the testimony of one witness,
although that may be in conflict with the testimony of several
others.

In submitting a case to the jury the trial judge may, in his discretion,
call their attention to the evidence, or lack of it, upon any point in
issue, and may comment upon its weight, provided he does not
direct them how to find their verdict.

A verdict ought not to be set aside for the misconduct of a juror with
which the prevailing party had no connection and which cannot
have worked any injury to the defeated litigant.

The plaintiff received personal injuries, near the corner of Church and
Chapel streets in New Haven, which were caused either by the
premature starting of a street-car while she was alighting, or by her
negligence in attempting to alight before it had stopped. *Held*
that the locality of the accident had no relation to its cause, nor
could any observation of the movement and management of other
cars at that point some eight months after the accident throw any
light upon how it occurred; and therefore the fact that two of the
jurors, after the cause had been submitted to the jury but before
their verdict, happened to be at that corner for several minutes
while waiting for a street-car, afforded no ground for setting aside
the verdict in favor of the plaintiff.

A petition for a new trial is addressed to the discretion of the trial court,
and its action thereon will not be disturbed unless there has been
an abuse of that discretion.

Argued June 10th—decided July 25th, 1913.

ACTION to recover damages for personal injuries al-
leged to have been caused by the negligence of the de-

fendant in suddenly starting its car from which the plaintiff was alighting, brought to the Superior Court in Fairfield County and tried to the jury before *Burpee, J.;* verdict and judgment for the plaintiff for $7,000, and appeal by the defendant. *No error.*

*Joseph F. Berry,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

RORABACK, J. This is an action to recover for personal injuries sustained on June 22d, 1912, while the plaintiff was alighting from the defendant's car at the corner of Church and Chapel streets in the city of New Haven. The errors of which the defendant complains are based upon the charge of the court, and the court's refusal to grant a new trial on account of the alleged misconduct of two of the jurors.

The defendant complains because of the failure of the trial court to charge the jury as to their duty in case there was an exact equipoise in the evidence. In civil cases, where the evidence is equally balanced, the verdict of the jury must be against the party on whom rests the burden of proof, and an instruction to that effect is proper and should be given on request. It has been held that there can be no equipoise in the evidence where there is a preponderance of proof; and therefore a failure to instruct the jury what to do in case of an exact equipoise in the evidence is not reversible error if the jury are told that in order to entitle the plaintiff to recover he must prove the essential elements of his case by a fair preponderance of the evidence. *Hawken* v. *Daley,* 85 Conn. 16, 19, 81 Atl. 1053.

The court in its charge said: "In this case you will have before you the complaint which the plaintiff has drawn, and you must find that its allegations have been

proved by a fair preponderance of evidence; that all the substantial statements in the complaint upon which this case is rested have been proved by a fair preponderance of evidence. That means, by the better or the weightier evidence, the more convincing evidence. It means, that weighing all the evidence in the case, you are to decide in favor of that person toward whose side the scales turn. . . . As I said at the outset, if you find that the plaintiff has proved the material allegations of her complaint by a fair preponderance of evidence, there can be no question in law that this defendant is liable. And on the other hand, if you find that this accident occurred as the defendant claims it occurred, because this plaintiff stepped from a moving trolley-car and thereby her injuries were occasioned, there can be no doubt that she failed to exercise due care, that she contributed to her accident by her own negligence, and therefore she cannot recover. And upon the facts as you shall find them, your verdict must be rendered according to the law, as the court has stated it. . . . You are concerned with the evidence given to you upon the witness-stand here. You are to consider it and weigh it carefully, all of it, each part in relation to every other part, and reach your conclusion by determining to which side a fair preponderance of the evidence turns."

By this language the court plainly told the jury that all the material allegations contained in the complaint must be proven by a preponderance of the evidence before the plaintiff could recover. It also gave to the jury a condensed statement of all the material facts stated in the plaintiff's complaint as to the alleged negligence of the defendant, and the exercise of reasonable care upon the part of the plaintiff. The only reasonable interpretation of these instructions is that the court told the jury that they must find that the plaintiff had

established by a preponderance of the evidence the alleged negligence of the defendant, and that her own negligence did not contribute to her injury, or the defendant would not be liable. This was the whole burden of the charge upon this branch of the case, and these instructions were not open to the objection that the court gave the jury an erroneous rule for weighing the evidence.

The defendant has selected several detached statements from the charge, and insists that these must have misled the jury as to the burden of proof. All the instructions must be read together, and when that is done these exceptions appear to be without substantial foundation. *State* v. *Pecciulis*, 84 Conn. 152, 161, 79 Atl. 75.

One ground of objection to the charge is that the court said to the jury: "In this testimony there is only one witness who is able to testify with any distinctness and definiteness about the cause and manner of this accident, and that witness is the plaintiff. The fact that her story is the only story that has been told does not of course necessitate that you should disbelieve her. The fact that she is the only witness who has testified to certain facts and circumstances does not require you, of course, to disregard her testimony. You are to observe her appearance from the witness-stand; you are to decide whether or not she is speaking the truth. You are to remember that she, better than any other person, had an opportunity to know what the circumstances and the facts of this occurrence were; that she is the best qualified of all persons to state what occurred and how it occurred."

This exception is without merit. It was within the province of the jury to accept the plaintiff's testimony upon a question of fact, although it was clearly in conflict with that of several witnesses. *State* v. *Boylan*, 79

Brodie *v.* Connecticut Co.

Conn. 463, 470, 65 Atl. 595; *Sackett* v. *Carroll,* 80 Conn. 374, 377, 68 Atl. 442.

A court in submitting a case to the jury may at its discretion call the attention of the jury to the evidence or lack of evidence bearing upon any point in issue, and may comment upon the weight of evidence, so long as it does not direct the jury how to decide the matter. These comments were clearly within the rule. *State* v. *Duffy,* 57 Conn. 525, 529, 18 Atl. 791; *State* v. *Fetterer,* 65 Conn. 287, 289, 32 Atl. 394.

One question presented by the appeal is whether the trial court erred in denying the defendant's motion for a new trial on the ground of misconduct of two of the jurors. Respecting this question the Superior Court found the following facts: The jury retired to consider their verdict at 3:45 p. m. February 27th, 1913; that, not having agreed upon a verdict at 5:15 p. m. on that day, they were excused until the following morning; that on the night of February 27th, 1913, without the permission of the court or knowledge of the parties, two of the jurors went to the corner of Church and Chapel streets in New Haven, the place of the accident, and remained there several minutes waiting for an Edgewood car. When an Edgewood car at length came along, it ran up to the regular stopping place or transfer point, nearly opposite the new Second National Bank building, and one of the jurors remarked to the other that he didn't see but that the car stopped about where it always did. Both of these jurors were very familiar with this part of New Haven, and had frequently been there, both upon the defendant's cars and otherwise, and nothing that either could see on the occasion of their visit on February 27th could influence, or did influence, their minds as to what had happened at the time of the accident to the plaintiff. Neither of the jurors had any intention or thought of examining the

place where the accident to the plaintiff had happened, or of attempting to gain any information by an examination, or of making any observation relating to the movement or management of the defendant's cars in that locality, or of obtaining any evidence or assistance in reaching their verdict; and both jurors then and afterward intended honestly to be guided solely by the evidence already produced before them on the trial.

The accident complained of was occasioned either by the negligence of the defendant in prematurely starting a certain car without warning to the plaintiff, while she was attempting to alight, or by the plaintiff negligently attempting to alight from a certain car still in motion. The locality of the accident had no relation to its cause and could furnish no evidence concerning it; nor could the movement of other cars or their management in that locality some eight months after the accident throw any light upon the cause of the accident.

It is not every case of misconduct of a juror which will constitute a ground for setting aside a verdict. "However improper such conduct may have been, yet if it does not appear that it was occasioned by the prevailing party, or any one in his behalf; if it do not indicate any improper bias upon the juror's mind, and the court cannot see, that it either had, or might have had, an effect unfavourable to the party moving for a new trial; the verdict ought not to be set aside." *Pettibone* v. *Phelps*, 13 Conn. 445, 450; *Woodruff* v. *Richardson*, 20 Conn. 238; *Hickox* v. *Parmelee*, 21 Conn. 86; *Wood* v. *Holah*, 80 Conn. 314, 68 Atl. 323. When the prevailing party is without fault, the misconduct of a juror does not *ipso facto* justify the grant of a new trial. It must also appear that the losing party was, or at least might have been, harmed thereby.

A petition for a new trial is addressed to the discretion of the trial court, and will not be granted unless

there has been an abuse of that discretion. This does not appear. *Burns* v. *State*, 84 Conn. 518, 521, 80 Atl. 712; *Wood* v. *Holah*, 80 Conn. 314, 68 Atl. 323.

There is no error.

In this opinion the other judges concurred.