John E. FRAZIER, Plaintiff,

v.

Paul Keller BEARD, Defendant.

Civ. A. No. 607.

United States District Court
W. D. Virginia,
Harrisonburg Division.

Jan. 9, 1962.

**396**

A. Erwin Hackley, Luray, Va., for John E. Frazier, plaintiff.

R. S. Wright, Jr., Woodstock, Va., and J. Lynn Lucas, Luray, Va., for Paul Keller Beard, defendant.

DALTON, Chief Judge.

This suit for damages, based upon personal injuries sustained as a result of a collision between two automobiles, was tried before the Court and jury. The jury on December 15, 1961, found in favor of the plaintiff and assessed his damages at $5,000.00. Defendant has moved that the verdict of the jury be set aside and that a new trial be granted.

The defendant submits four grounds to support the motion:

(1) The verdict was excessive and appeared to have been given under the influence of passion and prejudice;

(2) The evidence was insufficient to support the amount of the verdict;

(3) Misconduct of the jury in considering, discussing and having brought to its attention portions of a pamphlet or booklet entitled "Questions and Answers on the Motor Vehicle Code of Virginia" showing average stopping distances of automobiles traveling at different rate of speed; and

(4) The verdict was contrary to the law and the evidence.

### Use of Extraneous Pamphlet by Jury

First, as to ground number (3) of the defendant's motion to set aside the verdict and to grant a new trial alleging misconduct of the jury in considering information taken from a pamphlet or booklet prepared by the Division of Motor Vehicles, additional facts must be noted in order that proper understanding can be had on the discussion that follows.

It seems that during a recess of this Court on December 15, 1961, before deliberations had begun, a member of the jury obtained from a Virginia state trooper a pamphlet or booklet entitled "Questions and Answers on the Motor Vehicle Code of Virginia", published and distributed by the State Division of Motor Vehicles. The juror took this pamphlet with him to the jury room and there brought to the attention of the other jurors and discussed with them the contents of this pamphlet, particularly a table entitled "Average Stopping Distance" showing the average stopping distances of vehicles at varying rates of speed. In affidavits executed by counsel for the defendant, it is alleged that the contents of this pamphlet, particularly the table of distances, were considered by the jury in reaching the verdict in this case.

This procurement and consideration of an extraneous document not introduced into evidence, the defendant alleges, is misconduct entitling him to a new trial.

It is improper and constitutes misconduct for a jury to procure or consult an extraneous book or pamphlet during their deliberations, without the knowledge or consent of the Court. Nevertheless, it does not follow, as defendant contends, that every act of misconduct on the part of the jury, including conduct similar to that now under consideration, affords ground for the granting of a new trial or the setting aside of a verdict.

Before a verdict or judgment can be set aside because of misconduct of the jury in the jury room, it must affirmatively appear that the substantial rights of the complaining party have been prejudiced thereby. This same rule has been applied to the procurement or use of extraneous books or pamphlets in the majority of jurisdictions which have passed upon this question. See Annot., 54 A.L.R.2d 738.

Several other jurisdictions which have passed upon this question presume prejudice from the misconduct. Daniels v. Barker, 89 N.H. 416, 200 A. 410 (1938); Palestroni v. Jacobs, 10 N.J.Super. 266, 77 A.2d 183 (1950).

■ But the better view seems to be, and the one adopted by this Court, is that the misconduct of the jury in procuring and using the extraneous pamphlet must have prejudiced the substantial rights of the complaining party before the verdict is disturbed.

Cases can be cited which have found no prejudice and cases can be cited which have found prejudice, but in the final analysis, the result in each case is dependent upon its own facts, in light of all the circumstances, and it is only when these facts and circumstances show that a fair trial has been denied, that prejudice results. 53 Am.Jur., Trial, § 898.

■ The sole question remaining, therefore, is whether or not the defendant's substantial rights were prejudiced by the jury's having procured and considered the "Questions and Answers on the Motor Vehicle Code of Virginia".

The Court is convinced beyond all doubt that the action of the juror in procuring the booklet and of the jury considering the information therein was not influenced by bad faith or a desire on the jury's part to work injustice as between the two competing parties.

Considering the entire record and recalling the incidents of this trial, this Court is further convinced that no injustice was done as between the parties by the jury in procuring and using this pamphlet containing the table showing the average stopping distances for automobiles at varying speeds. These stopping distance calculations are the only things in the pamphlet with any amount of relevancy to this case—of any effect on the case.

This table headed "Average Stopping Distance" showed the stopping distances of automobiles traveling at 25 miles per hour, 35 miles per hour, 45 miles per hour, 55 miles per hour, and 65 miles per hour, divided into a reaction distance and a braking distance for each speed.

There was testimony at the trial in reference to the length of skid marks made by defendant's vehicle leading up to the collision, and the Court fully intended to instruct the jury on the average stopping distances of vehicles traveling at varying speeds, but through oversight (and not being reminded to do so by counsel) did not so instruct the jury on this matter. Had such an instruction been given, it would have contained substantially the same information as that contained in the table in the pamphlet in question.

Thus, in view of all the facts and circumstances of this case, this Court is of the opinion that the jury's misconduct did not deny the parties a fair trial, and that no prejudice resulted.

### Sufficiency of Evidence

As to grounds numbers (1), (2) and (4) of the motion to set aside the verdict as being excessive and without sufficient evidence to support it and as being contrary to the law and the evidence, the Court is of the opinion that these objections are without merit.

■ The amount of $5,000.00 was quite reasonable under the facts and circumstances of this case—in fact, the verdict could have conceivably been much higher without being disturbed by the Court as excessive.

Upon reflection, the Court submitted to the jury the question of whether the injuries were temporary or permanent, when, as a matter of fact, all the evidence indicated that the injuries were of a permanent nature. Even the physician and surgeon selected by the defendant to examine plaintiff corroborated the evidence of physicians for plaintiff that the injuries were permanent. If a new trial were ordered, the Court feels that the charge to the jury on the measure of damages should be submitted on a more favorable basis to plaintiff than was done at the trial of December 15, 1961.

Further, counsel will recall that no comment was made by the Court either as to liability or as to the permanency of the injuries. Taking another look at the evidence and reviewing it from memory, the Court is now inclined to the view that the Court probably should have directed a verdict for plaintiff and to have

submitted to the jury only the question of determining the measure of damages—and this to be done on the basis of proof showing the injuries to be of a permanent nature.

On the whole, the Court is of the opinion that the parties received a fair trial —if anything, more favorable to defendant than he was entitled to; that the verdict was in fact lower than the injuries really justified; but the jury having given its decision, the Court will approve it.

### Conclusion

For the foregoing reasons, therefore, the defendant's motion for a new trial is denied, and an order will be entered approving the jury verdict and granting judgment thereon.