Richard J. RADEL, Administrator De Bonis Non, of the Estate of William L. Radel, Plaintiff,

v.

Richard Joyce SMITH, William S. Kirk, Harry W. Dorigan, As Trustees of the Property of New York, New Haven & Hartford Railroad Co., Defendants.

Civ. No. 10787.

United States District Court
D. Connecticut.

Feb. 23, 1967.

Supplemental Ruling on Motion for New Trial March 9, 1967.

Richard L. Jacobs, Jacobs, Jacobs, Jacobs & Jacobs, New Haven, Conn., for plaintiff.

Thomas J. O'Sullivan, John D. McHugh, New Haven, Conn., Joseph P. Cooney, Hartford, Conn., for defendants.

## RULING ON PLAINTIFF'S MOTION FOR NEW TRIAL

ZAMPANO, District Judge.

On December 2, 1966, a jury verdict for the defendant trustees was returned in this case. The action arose out of a railroad crossing accident in which an automobile operated by the plaintiff's decedent collided with one of the defend-

ant's freight trains at Dayville, Connecticut.

A vigorously contested issue of negligence concerned the adequacy of the warning devices at the crossing. Subsequent to the accident but prior to the trial, the defendant changed the system of signals at the crossing to a more modern cantilever type. During the trial the Court disallowed all of the plaintiff's evidence offered to reflect this change of conditions.

On December 14, 1966, the plaintiff filed the instant motion contending that the alleged misconduct of a juror requires a new trial. The plaintiff, supported by an affidavit of a third person who was contacted by one of the jurors, claims that the only male member of the jury, Stanley Armstrong, made an unauthorized visit to the scene of the accident during the course of the trial and that he reported certain of his observations to the other members of the jury. Plaintiff claims this improperly influenced the jury deliberations.

■ The general rule is that a jury's verdict may not be impeached. However, well-reasoned cases indicate that under certain circumstances, as in the instant case, the court should receive the testimony of the jurors if it relates to extraneous influences brought to bear upon them in their deliberations. The purpose of the court's inquiry would be to determine if in fact any misconduct occurred and, if so, whether any substantial rights of the complaining party have been prejudiced thereby. See, Jorgensen v. York Ice Machinery Corporation, 160 F.2d 432, 435 (2 Cir. 1947); United States v. Crosby, 294 F.2d 928, 949 (2 Cir. 1961); Washington Gas Light Co. v. Connolly, 94 U.S.App.D.C. 156, 214 F.2d 254, 257 (1954); Stiles v. Lawrie, 211 F.2d 188, 189 (6 Cir. 1954); City of Amarillo v. Emery, 69 F.2d 626, 627 (5 Cir. 1934); Frazier v. Beard, 201 F.Supp. 395 (W.D.Va.1962).

■ Accordingly it is hereby ordered:
1) that the Clerk of this Court shall summon the twelve jurors in this case to be present in the jury room, No. 314A at 2:00 P.M. on March 6, 1967;

2) that the Clerk expressly inform the jurors to refrain from discussing this case among themselves, with counsel, or with any other person.

## SUPPLEMENTAL RULING ON PLAINTIFF'S MOTION FOR NEW TRIAL

The plaintiff, having filed a motion for a new trial; and

This Court, having ordered a hearing to determine whether the alleged misconduct on the part of one of the jurors, Mr. Stanley Armstrong, during the course of the trial requires the jury verdict for the defendant trustees to be set aside, [see Ruling On Plaintiff's Motion For New Trial, dated February 23, 1967]; and

The Court, having heard the testimony of eleven of the jurors at a hearing held on March 6, 1967 (the twelfth juror, Mrs. Linda S. Jennings, was out-of-state and not expected back in Connecticut for several months); and

■ The Court being of the opinion that

(1) there was no unauthorized view of the railroad crossing in question or other misconduct on the part of Mr. Stanley Armstrong during the course of this trial; and

(2) even assuming misconduct, arising from Mr. Armstrong's comments concerning his familiarity with the scene of the accident, no substantial rights of the plaintiff were prejudiced thereby, Jorgensen v. York Ice Machinery Corporation, 160 F.2d 432, 435 (2 Cir. 1947); Brodie v. Connecticut Co., 87 Conn. 363, 367–368, 87 A. 798 (1913); Conner v. Pennsylvania Railroad Company, 263 F.2d 944, 946 (3 Cir. 1959); Kilgore v. Greyhound Corp., Southern Greyhound Lines, 30 F.R.D. 385, 388 (S.D.Tenn.1962); Frazier v. Beard, 201 F.Supp. 395, 396–397 (W.D.Va.1962); 11 A.L.R.3d 918, 949, 966; and

(3) even in the event of a new trial, the compelling nature of the evidence in

all probability would result in the same verdict. See Callis v. The Long Island Railroad Company, 372 F.2d 442 (2 Cir. 1967); it is hereby

Ordered, that the plaintiff's motion for a new trial is denied.