[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 I
Christine Plummer, as parent and next friend to her son, Franz Joseph, Jr., ("Franz") a minor, brings suit against the defendants, the City of New Haven ("City") and the New Haven Board of Education, ("Board") alleging injuries suffered by Franz as a result of the negligence and carelessness of the defendants.
The complaint is in Two Counts, the First Count as against the City, the Second Count as against the Board, the allegations of each count identical to the other count.
 II
On or about September 23, 1992, Franz then age 9, was a student in grade 4 at the Truman School, an elementary school operated as a public school by the defendant Board. His 4th grade teacher was James Cavanaugh.
On September 23, 1992, Franz arrived late at school and proceeded to Mr. Cavanaugh's classroom on the second floor. On arrival at the said classroom, Franz was directed by Mr. Cavanaugh to report to the principal's office on the first floor. While descending the stairs to the first floor Franz fell, bumping this head and fracturing his right wrist.
 III
Franz alleges that his injuries were caused by the dangerous conditions of the floor of the stairs, specifically an accumulation of water and mud on said stairs, this due to the negligence and carelessness of the defendants. Franz alleges that he was in the exercise of due care at the time of the injury. At the time of trial he entered into evidence medical bills totalling $1,192.00 for treatment received in connection with said injury. Franz testified that the wrist injury continues to cause him pain and discomfort periodically, on an average of once a week. At such times he suffers pain, numbness and swelling of the wrist. While he is able to play basketball he is unable to engage in wresting, boxing, football or baseball.
 IV
In a suit such as this, the burden is on the plaintiff to establish the liability of the defendants by a fair preponderance of the evidence, Freeman v. Alamo Management Co, 221 Conn. 674, CT Page 12856 678. In civil cases where the evidence is equally balanced, judgment must be against the party having the burden of proof,Brodie v. Connecticut Co., 87 Conn. 363, 364.
Franz Joseph, Jr. testified as to what occurred during the incident which led to his injury. His demeanor was that of an intelligent and earnest witness. He testified that the stairs at the time of his fall were muddy, wet, with pieces of paper and pencils strewn about. His memory was not flawless. He believed the fall occurred around 11:00 A.M. while the weight of the evidence indicates the fall occurred well before 10:00 A.M. Franz did not recall that Mr. Cavanaugh had sent him down to the principal's office for a "late pass." Franz admitted he was "rushing a little" at the time of his fall. Ms. Pacini, the school's principal at the time of the incident, testified as to her daily practice in inspecting the premises, both before and after the children's arrival to begin school. Mr. Cavanaugh testified that he observed the stairs in question shortly after Franz' fall and saw no water, mud or debris; that the stairs were clean.
 V
Based on the evidence presented the court concludes that the plaintiff has failed to establish, by a fair preponderance of the evidence, that his injuries were caused by the negligence and carelessness of the defendants.
Judgment, accordingly, may enter for the defendants.
Downey, J.