[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION,
 I
This is a contract dispute wherein the plaintiff, Kelly Enterprises, Inc. ("Kelly") claims payment in the amount of four thousand dollars ($4,000.00) for work completed pursuant to an agreement with the defendant, New Britain Roofing Co., Inc. CT Page 7594 ("NBR"). Plaintiff's Complaint is in two counts, the first alleging breach of contract, the second, unjust enrichment.
The defendant has answered, denying Kelly's claims and, by way of Counterclaim, alleging that Kelly failed to complete the work it was obligated to perform under the said agreement and failed to perform in a satisfactory manner, as a result of which NBR was "back-charged" twenty one thousand dollars for completion of the work of Kelly.
 II
Certain facts are not in dispute: At some time prior to July 28, 1994 NBR entered into an agreement with the Town of East Hampton ("the Town") to provide materials and labor for the re-roofing and renovation of East Hampton High School. The project was a substantial one, with the contract amount being approximately $589,000.00.
Included in this project were certain masonry repairs and renovation on the exterior of the building. On or about July 28, 1994, NBR, as general contractor, and Kelly, as subcontractor, entered into an agreement whereby Kelly undertook to provide all labor and materials to complete the said masonry work at a total cost of eight thousand dollars ($8,000.00). This agreement is recorded on plaintiff's exhibit "C". Kelly began work at the beginning of August, 1994 and left the site on or about October 25, 1994. There is no dispute that NBR paid Kelly the sum of four thousand dollars ($4,000.00) for work done under the contract by check dated 10/1/94. The parties also agree that during the period August to October NBR issued a change order memorializing its request that Kelly, undertake additional work with reference to repair of a wall on the site for an additional payment of five hundred thirty five dollars ($535.00) and that Kelly did the work and was paid the $535.00 by check dated 9/28/94. Finally. NBR claims. and Kelly does not dispute, that NBR was unilaterally terminated from its contract with the Town because of the latter's dissatisfaction with NBR's performance.
Beyond that, the parties disagree. The plaintiff's witness, Gerald Blank, Vice President of Kelly, testified that to the best of his knowledge Kelly had completed its work under the contract and departed the site on or about October 25, 1994. In support of its claims Kelly introduced into evidence a job cost journal (Plaintiffs Exhibit "B") For the project, showing an expenditure by Kelly of 330.84 hours and seven thousand two hundred sixty CT Page 7595 four dollars and eighty four cents ($7,264.89) on the project between July 29, and October 25, 1994. The bulk of the labor and monies was expended in July and August. Mr. Blank testified that Kelly received no complaints from NBR during or after completion of Kelly's work, and that Kelly first learned of NBR's claims at the time NBR filed its Counterclaim. Mr. Blank testified that Kelly had provided staging (scaffolding) as required by the agreement, and removed said staging at the time it completed its work on the project. He was less certain of the installation of a new chimney cap, as required by paragraph 2.10 c of the specifications (Defendant's exhibit #1). He did not know if a new cap had been installed. He did not observe a chimney cap on the occasion of his last visit to the site. Thomas Leith, president of NBR, testified that Kelly never installed a new chimney cap but offered nothing in support of this claim but the bare statement. There is nothing in the record to show that at any time prior to this litigation NBR raised the issue of the alleged failure of Kelly to install a new chimney cap, much less registered complaint or demand regarding such failure.
The standard of proof to be applied in this case is that of a fair preponderance of the evidence. When the evidence is equally balanced the party on whom rests the burden of proof must fail,Brodie v. Connecticut Co., 87 Conn. 363, 364.
The court finds that the plaintiff Kelly has established, by a fair preponderance of the evidence, that it substantially performed its obligations under the contract, Vincenzi v. Cerro,186 Conn. 612, 615-616. The court finds that Kelly has failed to establish by a fair preponderance of the evidence, that it did install a new chimney cap as required by paragraph 2.10 c of the specifications. The court finds the estimate of nine hundred dollars ($900.00) for installation of a new chimney cap to be reasonable and will allow defendant NBR an offset of $900.00 against the outstanding balance of $4,000.00, leaving a net amount of three thousand, one hundred dollars ($3,100.00) due and owing to plaintiff Kelly for work completed under the contract.
 III
As to plaintiff's Counterclaim: Mr. Leith testified that NBR had been terminated from the job by the Town at some time subsequent to October 25, 1994. He attributed the Town's dissatisfaction to the incompetence of NBR's subcontractors, including plaintiff. He claimed that Kelly had failed to provide CT Page 7596 scaffolding as required by the contract between the parties and that as a result NBR was compelled to expend $1074.84 for rental of scaffolding. In support of this claim an invoice from American Ladders, Scaffolds Truck Equip., Inc. was introduced, showing a charge to NBR for scaffold rental for the period 10/25/94 to 11/24/94, in the amount of $1,074.84.
Mr. Leith further testified that at some time in November, 1994 an architect did a "walk-through" of the project and rejected all of Kelly's work. Mr. Leith testified that NBR received no payment from the Town for work performed by Kelly and was back-charged by the Town for work which Kelly was supposed to have performed. In support of this claim NBR introduced into evidence two invoices, each from Lupia Renovating Company, Inc. to Eagle Group, Inc. Both invoices are dated 9/20/95. One invoice is for labor for"work completed to East Hampton High School — Aug. 7, 8, 9, 10, 11, 14, 15." and is in the amount of nine thousand, three hundred eighty nine dollars and twelve cents ($9,389.12). The second invoice is for materials, tools and equipment "for entire job" and is in the amount of two thousand, four hundred dollars ($2,400.00). NBR claims the Town "back-charged" it for this amount.
Adding the invoice for scaffolding, the two invoices from Lupia and the $4,000.00 paid by NBR to Kelly, the defendant, plaintiff on the counterclaim, NBR, claims damages in the amount of sixteen thousand, eight hundred sixty four dollars and one cent ($16,864.01). For reasons set forth below the court finds in favor of Kelly, both on the Complaint and on the Counterclaim.
 IV
Scaffolding: The agreement between the parties recorded on NBR's purchase order No. 1275 (Plaintiff's exhibit "C") reads, "Included is staging for chimney and from high roof to edge of low back roof approx. 35' long by 16' high." When there is an ambiguity as to the meaning of the terms of a written agreement, the terms at issue must be construed against the author of the writing, Levine v. Advest. Inc. 244 Conn. 732. 755-56, Sturman v. Socha, 191 Conn. 1, 9. There is nothing in the written agreement requiring an inference that Kelly's obligation was open-ended or that it continued past the completion: of Kelly's work. The court finds that Kelly provided staging in accordance with the contract and removed said staging at the conclusion of its work on the project. NBR has failed to establish, by a fair CT Page 7597 preponderance of the evidence, that Kelly failed to provide staging as required by the agreement between the parties and NBR has failed to establish, by a fair preponderance of the evidence that Kelly was responsible for any expenses for rental of scaffolding incurred subsequently by NBR.
Rejection: The bulk of NBR's claims for damages stem from its assertion that "the architect" rejected Kelly's work on the project. We do not know the name of this architect; we do not know the scope of the architects's authority to reject Kelly's work; we do not know on what specifically the alleged rejection was based; nor do we know that the asserted rejection of Kelly's work was in any way justified. There was testimony that "the architect" prepared a written report, but none was placed into evidence. What we do know is that NBR had personnel on the site on a daily basis; that no record was produced to contradict Kelly's witness' testimony that no complaints were received by Kelly; and that as late as October 11, 1994, NBR forwarded Kelly a check for $4,000.00 for work performed under the contract.
NBR's witness testified that NBR received no payment from the Town for any work done by Kelly, although there was no documentation to support this claim. More significantly, there was no showing by NBR that payment by it to Kelly for work performed was contingent on payment to NBR by the Town. There is nothing in the written agreement between the parties to suggest this was the case.
The court finds that defendant, NBR, plaintiff on the Counterclaim, has failed to establish. by a fair preponderance of the evidence that NBR is entitled to receive as damages $4,000.00, representing the sum previously paid to Kelly by NBR for work performed under the contract.
"Back-charging": In support of its claim for damages for expenses incurred by reason of Kelly's failure to perform under the contract NBR introduced the two Lupia Renovating invoices, described, supra. (Defendant's exhibits #4 and #5). There is nothing on the face of these documents to require the inference that the work described was the same work Kelly had previously contracted to perform. There was no evidence to that effect introduced. There is nothing in the record to show that the work described was performed, that it was performed satisfactorily, or that NBR paid said back-charges to the Town of East Hampton. The defendant NBR, plaintiff on the Counterclaim, has failed to CT Page 7598 establish, by a fair preponderance of the evidence, that Kelly is liable for any cost incurred by NBR by reason of back-charging by the town to NBR.
Based on the testimony and evidence presented, the court finds that the plaintiff, Kelly Enterprises, Inc. has established, by a fair preponderance of the evidence, that it substantially performed under the contract and that the defendant, New Britain Roofing Co., Inc. is in breach of its contract with the plaintiff by reason of defendant's failure to pay to the plaintiff for work performed under the contract.
The court finds that the defendant, New Britain Roofing Co., Inc., plaintiff on the Counterclaim, has failed to establish, by a fair preponderance of the evidence, its claim against Kelly Enterprises, Inc., stemming from Kelly's alleged breach of contract.
Accordingly, judgment may enter in favor of the plaintiff, Kelly Enterprises, Inc., and against the defendant, New Britain Roofing Co., in the amount of three thousand, one hundred dollars ($3,100.00) representing the contract amount due and owing of $4,000.00 less an offset of $900.00 on the First count of the Complaint. The Second Count of the Complaint is dismissed. Judgment may enter on behalf of Kelly Enterprises, Inc., on the Counterclaim.
By the Court
John T. Downey Judge of the Superior Court