[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This matter stems from a bitterly contested dissolution of marriage action. The plaintiff, Dennis J. Guaglianone and the defendant Lisa M. Barbieri were husband and wife from 1984 until the marriage was dissolved in 1995. In 1986 the plaintiff and Barbieri purchased a home designated 4 Burma Road in the Town of Woodbridge and disposition of this property was an issue in the divorce proceeding. This property and what befell it constitute the primary focus of the instant matter.
 II
A hearing on the complaint at issue opened on January 17, 2001, continued on January 18 and January 19, and concluded on January 22, when the parties rested and closing argument was heard . . . The plaintiff appeared pro se as did the defendant Barbieri. The defendant Mendelsohn was represented by Attorney Jeffrey D. Ginzberg. The hearing proceeded on the plaintiff's Revised Complaint dated September 29, 1999. At the outset of the hearing the plaintiff moved to amend his revised complaint by deleting paragraphs 1, 2, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 23. The Court allowed the amendment. On motion by the defendants, the Court ordered the said paragraphs stricken "with prejudice" The Court also granted the defendants' motion to strike paragraphs 3, 20 and 21. CT Page 3867
The Court took judicial notice of the files in Lisa Barbieri v. DennisGuaglianone, Docket No. FA 93-354429 and in Bank of Boston v. DennisGuaglianone, Docket No. CV 96-389380.
The said hearing proceeded on the claims contained in paragraphs 6 and 22 of the Revised Complaint. These paragraphs read:
(6) Eric Mendelsohn and Lisa Barbieri conspired together to destroy the 4 Burma Rd. house. Judge DeMayo believed they destroyed the house. The house originally worth $212,000, was lost in foreclosure. They also destroyed the plaintiff's personal assets.
(22) Lisa Barbieri and Eric Mendelsohn willfully and maliciously damaged the family residence before moving out. The damages include but are not limited to the following:
 a. Willfully and maliciously damaged the water pumping system in such a way that it was rendered non-functional.
 b. Willfully and maliciously ripped apart the plumbing for the kitchen sink assembly and the bathroom showers rendering them non-functional.
 c. Willfully and maliciously burned a siding of the house to the point that the siding is damaged beyond repair.
 d. Willfully and maliciously, damaged the furnace and hot water heater in such a way that they were rendered non-functional.
e. Willfully and maliciously, punched holes in the walls.
f. Willfully and maliciously, destroyed bathroom cabinets.
 g. Willfully and maliciously, destroyed lighting fixtures in such a way that they were rendered non-functional.
After the plaintiff rested, the defendant Mendelsohn, pursuant to Practice Book, Section 15-8, moved for judgment of dismissal for failure to make out a prima facie case, which motion was granted as to Mendelsohn only.
CT Page 3868
 III
The plaintiff's surviving claims sound in tort. The plaintiff essentially is alleging intentional harm by the defendants to property interests of the plaintiff in that the defendants damaged or destroyed "the family residence" at 4 Burma Road and damaged or destroyed "personal assets" of the plaintiff. Moreover, such damage or destruction is alleged to have been "willful and malicious." In addition, the plaintiff alleges the defendants, Barbieri and Mendelsohn conspired together to effect such damage or destruction.
In a civil suit such as this, the burden is on the plaintiff to establish the liability of a defendant by a fair preponderance of the evidence, Freeman v. Alamo Management Co., 221 Conn. 674, 678. In civil cases where the evidence is equally balanced, judgment must be against the party having the burden of proof. Brodie v. Connecticut Company,87 Conn. 363, 364. Should the plaintiff establish liability of either or both defendants, the burden is on the plaintiff to prove actual damages; otherwise, nominal damages will be awarded. For reasons given below, the Court will enter judgment for the defendants.
 IV
The Court finds the plaintiff has failed to establish, by a fair preponderance of the evidence, his claims of conspiracy as against either defendant. There was no credible evidence introduced to support the claim of conspiracy as against either Mendelsohn or Barbieri, with each other or unknown third persons. As indicated, judgment has already entered in favor of Mendelsohn on this claim. The Court finds that the plaintiff has failed to establish, by a fair preponderance of the evidence, that the defendant Barbieri conspired with Mendelsohn or with any other person, to destroy or damage the house at 4 Burma Road or personal property of the plaintiff.
The plaintiff goes on to claim that the defendants did, in fact, damage the said house "willfully and maliciously" A recitation of certain facts may be helpful in understanding the claim at issue. The plaintiff and Barbieri married in 1984. In October, 1986 they purchased the 4 Burma Road property. The property was jointly owned. Barbieri filed for divorce in 1993. Guaglianone moved out of the home on or about the end of January, 1994, while Barbieri and the couple's three children continued to occupy the said home. In early March, 1996, Barbieri vacated the premises, and Guaglianone, having been awarded temporary custody of the children, entered and occupied said premises until the property was sold by foreclosure in July, 1997. Beyond these facts, all else regarding this property and its condition is hotly contested. Guaglianone claims the CT Page 3869 house was in fine shape when purchased in 1986; Barbieri claims it was a "handyman's fixer-upper" at that time, needing extensive work. Guaglianone claims that a loan of $43,000 taken out by the couple in 1993, prior to the institution of the divorce proceedings, was for "improvements" to said home; Barbieri claims the loan was for "repairs and improvements". What both parties do agree is that the money was never used for repairs or improvements.
During the pendency of the divorce the named defendant, Eric Mendelsohn, established a romantic relationship with Barbieri.
On or about March 9, 1996, Barbieri vacated the premises and was assisted by Mendelsohn and others in removing belongings from the house.
Guaglianone claims that when he re-entered the home on or about March 15, 1996, he found it in deplorable condition, with broken fixtures, non-functioning appliances, broken cabinets and storm windows, unflushed toilets, fire-damaged vinyl siding, non-functioning furnace and sump pump, rooms heaped with trash, drawings scrawled on walls, holes punched in walls, lighting fixtures damaged or destroyed, a Chevy Blazer in the yard damaged. Guaglianone put into evidence numerous photographs and a videotape, purporting to document his claims. Barbieri testified credibly that the water pumping system had been problematic for years; that at some point prior to March, 1996, she had had to allow the children to stay with Guaglianone's parents due to heating problems at 4 Burma Road; that the damaged vinyl siding was the result of an earlier accident involving an outdoor grill. One or more of the drawings on the walls appear to have been the work of the couple's son, Anthony. Barbieri denied that she had caused the damage claimed and denied that she left the house in the condition shown on the videotape. Barbieri questioned the authenticity of the "3-16-96" date superimposed on the tape and testified that the tape might more likely reflect of the condition of the home at the time of foreclosure (July, 1997) than at the time she vacated the premises (March, 1996). Indeed, one segment of the video bears a 1988 date, calling into question the date of the said tape's production. No matter. If we were to concede, arguendo, that the subject premises were "trashed" (vandalized) at some point in time, the plaintiff has failed to establish, by a fair preponderance of the evidence, when or by whom such damage was wrought. Slovenly housekeeping, straitened circumstances of the occupants, failure to keep appliances in repair, inept maintenance, singly or together do not constitute intentional damage to property. The Court finds that the plaintiff has failed to establish, by a fair preponderance of the evidence, that either Barbieri or Mendelsohn intentionally damaged the property at issue or that said defendants damaged said property willfully and maliciously.
CT Page 3870
 V
The plaintiff also claims his equity in the marital home was dissipated by the conduct of the defendant Barbieri in the course of the divorce and prior to the sale of said property by foreclosure on July 12, 1997.
The disposition of the marital home was a bone of contention throughout the course of the dissolution proceedings As indicated, the wife occupied the home in the period from February, 1994 to March, 1996; the husband from March, 1996 to its sale in July, 1997. Guaglianone claims Barbieri let the property go to rack and ruin, failed to make mortgage payments and pay taxes, failed to honor an agreement to obtain in timely fashion an appraisal and to allow Guaglianone to buy out her equity in the property. Barbieri claims Guaglianone dissipated her equity in the property by failing to maintain it, failure to make mortgage payments, and the like. These issues were aired in the prior dissolution proceedings. The court notes pertinent findings by the dissolution court:
The court (Kline, J.), in its Memorandum of Decision filed December 9, 1995, commented with regard to the subject property: "Unfortunately, it would be impossible for the parties to maintain the home because of the heavy financial burden of the mortgage, the home equity loan on the home, plus the fact that it is in a state of disrepair and probably not worth anything near what they would have to put into it. Accordingly, the court is going to order that the home be sold, and the proceeds, if any, divided equally between the parties."
The court (DeMayo, J.) in its Memorandum of Decision As To Custody of Minor Children, filed on June 30, 1997, commented: "Thus, he [Dennis Guaglianone] has disobeyed orders treating with alimony, support and a court ordered sale of the family residence. This latter move seems to have dissipated the equity of both parties while [Guaglianone] lived rent free . . ."
The Court finds that the plaintiff Guaglianone has failed to establish, by a fair preponderance of the evidence, that the defendant Barbieri dissipated Guaglianone's equity in the marital home.
The plaintiff submitted a lengthy list of items (plaintiff's exhibit #24) which he claimed were his. He claimed the defendant Barbieri had removed said items from the marital home. The plaintiff failed to establish these claims by a fair preponderance of the evidence.
The plaintiff also claimed, but failed to prove, by a fair preponderance of the evidence, that the defendants, Barbieri and Mendelsohn, destroyed or damaged personal property belonging to the CT Page 3871 plaintiff.
 VI
The plaintiff, Dennis Guaglianone, having failed to establish, by a fair preponderance of the evidence, any of his claims against the defendants, judgment may enter in favor of the defendants, Eric Mendelsohn and Lisa Barbieri.
By the Court,
Downey, J.T.R.