THOMAS BELLONIO ET AL. *vs.* THE V. R. THOMAS MORTGAGE COMPANY.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 23d—decided March 3d, 1930.

*John Henry Sheehan,* with whom, on the brief, was *Harry L. Edlin,* for the appellants (plaintiffs).

*Thomas R. Robinson* and *Isadore Chaplowe,* for the appellee (defendant).

HINMAN, J.   The present defendant brought an action against the plaintiffs, Thomas Bellonio and Joseph Bellonio, brothers, alleging conspiracy between them for the purpose of cheating and defrauding this defendant by inducing it to loan money to Thomas under the belief that he, instead of Joseph, was the owner of property in substantial amount.   The complaint was returnable the first Tuesday of July, 1928, and was duly served upon the Bellonios.   On December 21st, 1928, a default for failure to plead was entered, and thereafter a hearing in damages was held and judgment rendered against them.   On February 15th, 1929, a motion, filed by their counsel, to open the judgment was fully heard, and denied.

This action is brought under § 5850 of the General Statutes, which provides that "the Superior Court, Court of Common Pleas, . . . and any City Court may grant new trials of causes that may come before them respectively, for mispleading, the discovery of new evidence, want of actual notice of the suit to any

defendant, or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or for other reasonable cause."

The allegations of the complaint indicate that the ground relied upon is want of "reasonable opportunity to appear and defend, when a just defense existed."

As the plaintiffs recognized by alleging, as to each, that he had a good defense, the existence of such a defense is a necessary prerequisite to the obtaining of a new trial because of lack of opportunity to present it. This was a fact which they were required to prove by legal evidence. *Etchells* v. *Wainwright*, 76 Conn. 534, 537, 57 Atl. 121; *Carrington* v. *Holabird*, 17 Conn. 530, 538. It appears from the finding that they offered no evidence in support of this allegation of the complaint, or that any defense in their favor existed, or as to the nature or character of such defense, and in consequence of this failure to produce any such evidence, the court finds that the allegations of the complaint as to the existence of such a defense were not established, and that no valid and sufficient defense existed.

No attack upon this finding of fact is pursued on the appeal, and it is conclusive against the plaintiffs' right to a new trial on the only ground available, upon the facts alleged. The salutary purpose of the statute is that if a party has a meritorious defense and has been deprived of reasonable opportunity to present it, he ought to be permitted to make it upon another trial. *Carrington* v. *Holabird, supra.* But it is equally true that if a defaulted defendant is unable or fails to make a reasonable showing that he has such a defense, which he could present and make available if granted the opportunity, there is no such indication of a probable failure of justice as should and would cause the court to feel bound in duty to grant a new trial. *Dudley* v.

*Hull,* 105 Conn. 710, 718, 136 Atl. 575; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 Atl. 224.

This being so, it is unnecessary to determine whether the notices given to counsel for the Bellonios, of the motion for default and the hearing in damages, were adequate to enable them to appear and contest, if they desired, since if they had no defense such contest would be fruitless, and the deprivation harmless. *Wood* v. *Holah,* 80 Conn. 314, 68 Atl. 323. Nor is there reason to apply the principles that a new trial "is not to be granted readily, nor without strong reasons" and that the exercise of the trial court's legal discretion in refusing to grant it will not be reviewed unless a clear abuse appears. *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 Atl. 114.

There is no error.

In this opinion the other judges concurred.