E. M. LOEW'S ENTERPRISES, INC. *v.* ROXIE SURABIAN

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 4—decided July 7, 1959

*Francis P. Pallotti,* with whom was *Harry Cooper,* for the appellant (defendant).

*David M. Shea,* with whom, on the brief, were *John M. Bailey* and *Alfred F. Wechsler,* for the appellee (plaintiff).

MURPHY, J. The present defendant brought suit against the plaintiff to recover for injuries which she allegedly sustained in a fall in the plaintiff's theater in Hartford. Service was made upon the secretary of state as agent for the plaintiff, a foreign corporation. The copy of the writ and complaint and a separate letter from the office of the secretary of state were received at the plaintiff's Boston headquarters. The writ and complaint and a covering letter were mailed by the plaintiff to an adjustment bureau in Hartford which represented the plaintiff's insurance carrier. These papers were not received at the bureau and were not sent back to the plaintiff. The action was returnable on the first Tuesday of August, 1953. The defendant was represented by an attorney since deceased. He obtained a statutory three months' continuance on October 2, 1953, and on January 29, 1954, had a default entered for failure of the plaintiff to appear. *Surabian* v. *E. M. Loew's Enterprises, Inc.,* Superior Court, Hartford County, No. 96292. Though the attorney had negotiated with the adjustment bureau on possible settlement of the claim prior to starting suit, he gave

no notice of the continuance or the default to it or to the plaintiff. He died in May, 1955, and two months later present counsel filed his appearance. He claimed a hearing in damages, after which the court rendered judgment for $5000 on January 11, 1956. The first notice the plaintiff had of the judgment was a letter dated September 20, 1956, from the defendant's attorney, requesting payment.

The plaintiff thereafter brought the present action for a new trial under what is now § 52-270 of the 1958 Revision, which provides for new trials for certain reasons, including "want . . . of a reasonable opportunity to appear and defend, when a just defense in whole or part existed." The allegations of the complaint indicate that this is the ground upon which the plaintiff relies. From the evidence presented, the trial court concluded that the plaintiff has apparently a good defense to the defendant's cause of action and that an apparent failure of justice was occasioned by the default judgment. It also found that the miscarriage of the letter which contained the copy of the writ and complaint and which was mailed by the plaintiff to the adjustment bureau was not caused by the negligence of the plaintiff and that it was entitled to a new trial.

A petition for a new trial is addressed to the discretion of the trial court and will never be granted except upon substantial grounds. As the discretion which the court is called upon to exercise is not an absolute but a legal one, we will upon appeal set aside its action when it appears that there was a misconception on its part as to the limits of its power, that there was error in the proceedings preliminary to the exercise of its discretion, or that there was a clear abuse in its exercise of its discretion. *Wood* v. *Holah,* 80 Conn. 314, 315, 68 A. 323.

While a new trial is not to be granted readily, nor without strong reasons, it may and ought to be granted where there appears cause for which the court, acting reasonably, would feel bound in duty to grant it. *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 A. 114.

The principal claim of the defendant is that the court has abused its discretion in two respects: (1) in finding that the complaint was mailed by the plaintiff to the adjustment bureau and (2) in concluding that the plaintiff was deprived of a reasonable opportunity to defend because the letter containing the process did not reach its destination. The assignment of error directed to the finding that the plaintiff has apparently a good defense and that an apparent failure of justice has occurred is treated as abandoned, since it has not been briefed. *Dempsey* v. *Tynan,* 143 Conn. 202, 205, 120 A.2d 700. Basically, the defendant's contention is that the plaintiff should have followed up the alleged mailing of the papers to the bureau and ascertained the status of the action thereafter and that its failure to do so amounts to negligence as a matter of law. Whether the plaintiff mailed the complaint presented a question of fact for the trial court, as did the claimed negligence of the plaintiff in making no inquiry about the case after mailing the complaint. We cannot disturb the court's determination of these questions. *Vangor* v. *Palmieri,* 143 Conn. 319, 321, 122 A.2d 312.

In the final analysis, the ultimate issue is whether the court could reasonably conclude upon the facts found that the plaintiff had been deprived of a reasonable opportunity to defend. There is much merit to the argument of the defendant that the plaintiff should have done more than mail the complaint to

the adjustment bureau. "Reasonable" is a relative term which varies in the context in which it is used, and its meaning may be affected by the facts of the particular controversy. 36 Words & Phrases (1959 Sup.). It is also synonymous with "[e]quitable, fair, just." Webster, New International Dictionary (2d Ed.); *Thompson* v. *Beacon Valley Rubber Co.*, 56 Conn. 493, 498, 16 A. 554. In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 225, 84 A. 928. Considering the history of the case, including the negotiations between the parties before suit was instituted just prior to the expiration of the period of limitation, the intermediate procedures before the hearing in damages and the judgment of January 11, 1956, and the obvious delay to September 20, 1956, before demand was made for payment, we cannot say that the trial court abused its discretion in attempting to alleviate a situation which it concluded had resulted in a miscarriage of justice. "The salutary purpose of the statute is that if a party has a meritorious defense and has been deprived of reasonable opportunity to present it, he ought to be permitted to make it upon another trial." *Bellonio* v. *V. R. Thomas Mortgage Co.*, 111 Conn. 103, 105, 149 A. 218.

There is no error.[1]

In this opinion the other judges concurred.

---

[1] The judgment file as drafted does not include the injunction which the trial court issued. The file should be corrected to conform to the memorandum of decision in this respect.