Town of East Hartford *v.* William A. Miller, Jr., et al.

Superior Court      Hartford County      File No. 148637

Memorandum filed July 30, 1968

*Richard K. Lublin,* assistant corporation counsel, for the plaintiff.

*Jesse M. Frankl,* of Hartford, for the defendants.

SHAPIRO, J. On October 4, 1966, the plaintiff town instituted an action for the foreclosure of certain tax liens on the property of the defendants. This action was brought against the heirs, representatives and creditors of various named parties as well as specifically named defendants. The only attempt by the town to locate the defendant parties in interest was by advertising. The action was based on taxes which had not been paid for the years 1950 through 1965 inclusive. At the time of the institution of this action, which was returnable to the Superior Court in Hartford County on the first Tuesday of November, 1966, an order was signed whereby notice was given to certain named defendants and to the defendants' heirs, representatives and creditors, by the publication of the order of notice in the "Item," a newspaper circulated in Port Chester, New York, and the "Minneapolis Tribune," a newspaper circulated in Minneapolis, Minnesota, once for two successive weeks. Subsequent to the institution of this lawsuit, the plaintiff made a motion in court for a finding that an attorney to represent the defendants was unnecessary, and this motion was granted on June 1, 1967. This was bad procedure in the light of what was disclosed in the

military affidavit. On June 6, 1967, judgment was entered and the law day was set for November 15, 1967. The town moved the court to shorten the law day to July 21, 1967. This was denied. On November 15, 1967, title became absolute in the town of East Hartford, and the town of East Hartford filed a certificate of foreclosure on its land records. On January 19, 1968, an attorney claiming to represent a missing heir paid the tax collector of the town of East Hartford the sum of $509.45, which paid the back taxes due on this property. Subsequently, on March 11, 1968, the defendants filed a motion to open and vacate judgment. The affidavit of debt filed on June 6, 1967, shows a tax principal of $243.02, interest of $61.43 and lien charges of $41.25, making a total of $345.70. This was the amount of the debt as found by the court on June 6, 1967. How the sum of $509.45 was reached was not made clear. The court found the debt to be $345.70.

The property consists of approximately seven and one-half acres that is contiguous to Penny High School, and other property zoned for business use. The property was in the name of Mary Augustina Miller, who died intestate on October 4, 1905, leaving two heirs, William M. Miller, Jr., and Mary Augustina Miller Washington. The named defendants were William M. Miller, Jr., if living, and if deceased, his heirs, representatives and creditors; the heirs of Gertrude A. Washington, also known as Mrs. L. G. Washington, namely, Richard M. Washington and Bernice Blanchette Washington, now or formerly of Minneapolis, Minnesota, and Martha Washington Vicinelli, Gaetano Richardo Vicinelli and Giampaolo Vicinelli, now or formerly of Port Chester, New York.

Not a single defendant was given actual notice of the foreclosure action, nor was any attempt made to ascertain the whereabouts of a single one. On

June 6, 1967, judgment by strict foreclosure was entered by the court. The plaintiff's appraiser valued the property at $25,625. This makes the conduct of the town even more extraordinary when one considers the granting of a mere five-month law day and the town's attempt to reduce it.

On January 19, 1968, there was paid to the town of East Hartford all the outstanding taxes, lien fees and interest due on the property, in a claimed amount of $509.45, which the plaintiff town accepted. From June 6, 1967, to date there has been no material alteration or change in the property.

Public Acts 1967, No. 286, continuing the same statutory language as was in prior existence; General Statutes § 49-15; provides that no judgment by strict foreclosure shall be opened after the title has become absolute in any encumbrancer. There is no waiver of the judgment claimed here and, therefore, an opening of the judgment cannot be made at this time. *Meriden Savings Bank* v. *Sujdak,* 124 Conn. 604, 610; *Ferguson* v. *Sabo,* 115 Conn. 619, 623. Pursuant to the aforesaid, the contention of the town is correct that this court has no power to open the judgment. Nevertheless, courts of equity may grant relief from the operation of a judgment when to enforce it is against conscience, and where the appellant had no opportunity to make a defense, or was prevented from so doing by accident, or the fraud or improper management of the opposite party, and without fault on his own part. *Folwell* v. *Howell,* 117 Conn. 565; *Dante* v. *Dante,* 93 Conn. 160; *Jarvis* v. *Martin,* 77 Conn. 19; *Smith* v. *Hall,* 71 Conn. 427; *Carrington* v. *Holabird,* 17 Conn. 530, 537; s.c., 19 Conn. 84, 88.

Also, a serious question of jurisdiction presents itself in this matter, when one considers the amount claimed in the affidavit of debt. Did the Superior

Court have jurisdiction to act on this tax lien foreclosure? We think not. General Statutes §§ 52-28, 52-6.

The complaint made by the defendants, in which overwhelming justice appears to be on their side, can only be determined by an independent equitable action seeking to open the judgment of strict foreclosure and grant relief from its operation. *Crane* v. *Loomis,* 128 Conn. 697, 700; *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 230. If the herein defendants bring such an independent action, there is little question in the court's mind that relief should be available to them. The conduct of the town can only be described as outrageous and unconscionable when one considers the facts in this case. Furthermore, the court, in setting a redemption date of about five months, could hardly have been made aware of the equities in this situation. Obviously, the action must have been presented in a light most favorable to the town by the town attorney. Even he had a duty, as an officer of this court, to at least try to do equity between the parties. As a matter of law, the town was entitled to receive the money due it and this, at least from argument of both counsel, was in fact paid over. It is inconceivable to this court that the town of East Hartford has reached such a point in its governmental functions that it is no longer satisfied to be paid merely for its taxes but rather insists on retaining title to property worth fifty times the amount already paid the tax collector. Sad to relate, the only relief that can be obtained by the plaintiffs, in view of the town's adamant position, is through the medium of an independent action, as already stated.

Accordingly, the court, acting as it must and most reluctantly, directs that the motion to open the judgment must be and is hereby denied.