MERRY-GO-ROUND ENTERPRISES, INC. *v.*
LOUIS MOLNAR ET AL.
(4054)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued January 13—decision released March 10, 1987

*Michael G. Tansley,* with whom was *Michael H. Cicchetti,* for the appellants (named defendant et al.).

*Richard L. Winter,* with whom was *Elizabeth Gleason,* for the appellee (plaintiff).

SPALLONE, J. The plaintiff initiated foreclosure proceedings against the defendants in 1979. The defendants answered the plaintiff's complaint and filed a counterclaim. The court subsequently granted the plaintiff's motions for default and for nonsuit on the defendants' counterclaim. Judgement of strict foreclosure was entered against the defendants on November 13, 1984. No appeal was taken from the judgment and the law days passed, vesting absolute title in the plaintiff on January 14, 1985. On February 14, 1985, the defendants filed a motion to open the judgment of strict foreclosure and a motion to open the nonsuit on their counterclaim. The trial court denied both motions, and the defendants appealed.

The defendants' first claim of error is that the trial court erred in denying their motion to open the judgment of foreclosure. Before we review this claim, we must determine whether the trial court had authority to open the judgment. The defendants assert that under General Statutes §§ 52-212 and 52-212a, they were entitled to file their motion to open at any time within four months from the entry of judgment. Here, however, the general provisions in §§ 52-212 and 52-212a regarding motions to open default judgments must give way to the specific provision in General Statutes § 49-15 regarding the opening of judgments of mortgage foreclosures. See *Patry* v. *Board of Trustees,* 190 Conn. 460,

468, 461 A.2d 443 (1983); *Szabo* v. *Beregszazy,* 9 Conn. App. 368, 370, 519 A.2d 81 (1986). General Statutes § 49-15 provides that: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; *but no such judgment shall be opened after the title has become absolute in any encumbrancer."* (Emphasis added.) Both the Supreme Court and this court have ruled that, under this statute, a judgment of foreclosure cannot be opened after title has become absolute in any encumbrancer. *Meriden Savings Bank* v. *Sujdak,* 124 Conn. 604, 610–11, 1 A.2d 134 (1938); *City Savings Bank of Bridgeport* v. *Miko,* 1 Conn. App. 30, 34 n.2, 467 A.2d 929 (1983).[1] In this case, absolute title had vested in the plaintiff before the defendants filed their motion to open the judgment of strict foreclosure. Under General Statutes § 49-15, therefore, the trial court was precluded from opening the judgment and properly denied the motion. Moreover, because § 49-15 prohibits the only remedy that would otherwise be available to the defendants, there is no practical relief which this court can grant to the defendants. Accordingly, this portion of the appeal is dismissed as moot. *Connecticut Savings Bank* v. *Howes,* 9 Conn. App. 446, 448, 519 A.2d 1216 (1987).

---

[1] The defendants claim that any judgment may be opened when, as they claim here, the judgment is procured by fraud. See *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980). Our courts have made clear, however, that while fraud may be grounds for collateral attacks on a judgment of strict foreclosure by an independent action in equity, fraud is not ground for opening a judgment after title has become absolute in an encumbrancer. *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 230–31, 171 A. 438 (1934); *City Savings Bank of Bridgeport* v. *Miko,* 1 Conn. App. 30, 34 n.2, 467 A.2d 929 (1983); *East Hartford* v. *Miller,* 27 Conn. Sup. 503, 506, 245 A.2d 396 (1968).

In a second claim of error, the defendants contend that the trial court erred in failing to hold an evidentiary hearing on both the motion to open the judgment of strict foreclosure and their motion to open the nonsuit on their counterclaim. Our discussion of the defendants' first claim is dispositive of this claim with respect to the motion to open the judgment of strict foreclosure. With respect to the motion to open the nonsuit, the defendants claim that the court erred when it refused to allow the defendant to present testimony on the issue of whether the defendant received notice that a motion for nonsuit had been filed. The defendants, however, had already submitted evidence on this issue in the form of affidavits submitted with its motions to open. In addition, a motion to open nonsuit is not one of the motions explicitly enumerated in Practice Book § 211 which directs the court to allow presentation of testimony when counsel so requests in the motion. Under the facts and circumstances of this case, the defendants have not established that the trial court abused its discretion in disallowing the defendants' testimony.

That portion of the appeal regarding the denial of the motion to open the judgment of strict foreclosure is dismissed as moot; there is no error on the remainder of the appeal.

In this opinion the other judges concurred.