[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Gustave A. Decortin and Susanne H. Decortin, have filed this motion to reopen a judgment of strict foreclosure entered by the Court (Pickett, J.) on November 13, 1989. The defendants did not undertake to defend the foreclosure action of the plaintiff American Mortgage Corporation. This failure to defend the foreclosure action was based both on the defendants' poor health and their belief that Mahler Financial Services would provide a loan sufficient to pay off the plaintiff. However, rather than provide a loan to the defendants, the principals of Mahler Financial Services purchased the property and conveyed title to their wives Barbara Mahler and Jane Mahler. While the law days have passed and title has vested in the Mahlers, the defendants nevertheless seek to have this court open the judgment of strict foreclosure.
Connecticut General Statutes 49-15 provides as follows:
 Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering CT Page 2129 the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer.
Conn. Gen. Stat. 49-15 (emphasis added).
In this case title vested in the encumbrancer, American Mortgage Corporation, who transferred title to the Mahlers before the defendants filed their motion to open the judgment of strict foreclosure. Therefore, under General Statutes 49-15, the trial court is precluded from opening the judgment. See Merry-Go-Round Enterprises v. Molnar, 10 Conn. App. 160,162 (1987); Barclays Bank of New York v. Ivler, 20 Conn. App. 163, 167
(1989). However, it should be noted that the defendants may and in all likelihood should file an independent equitable action seeking to open the judgment of strict foreclosure. See City Savings Bank of Bridgeport v. Miko, 1 Conn. App. 30, 34, n. 2 (1983); East Hartford v. Miller,27 Conn. Sup. 503, 507 (1968).
For the reasons stated, the motion to reopen the judgment of strict foreclosure is denied.
DRANGINIS, J.