[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, claiming this court lacks subject matter CT Page 3431 jurisdiction, has moved to dismiss the complaint under Practice Book 143(1). The defendant's jurisdictional claim is based on the following assertions: (1) the Plaintiffs' allegations were fully considered in an earlier foreclosure action; (2) the plaintiffs' request for a new trial is barred by General Statutes 49-15: (3) the controversy between the parties is moot due to circumstances which have intervened since the motion to dismiss was filed and argued: and (4) the plaintiffs can not succeed on the merits because the legal doctrine on which they rely is inapplicable to the facts.
The plaintiffs allege that the defendant obtained a judgment of foreclosure by fraud, deceit and/or misrepresentation. They seek an injunction barring the defendant from interferring with the plaintiffs' possession of real estate, a new trial, and such other relief as the court may determine is just and necessary. The law which is applicable to the plaintiffs action is summarized as follows:
 [2] "A judgment of foreclosure cannot be opened after the title has become absolute in any encumbrance. Meriden Saving Bank v. Sujdak, 124 Conn. 604, 611, 1 A.2d 134 (1938). Error in opening after law day may be waived. Ferguson v. Sabo, 115 Conn. 619, 623, 162 A.2d 844 (1932). In the absence of a waiver, however, reopening after law day constitutes error. Crane v. Loomis. 128 Conn. 697, 700, 25 A.2d 650 (1942). Nevertheless, courts will recognize instances where the effect of the judgment may be collaterally attacked. Courts of equity may grant relief from the operation of a judgment when to enforce it would be unconscionable: East Hartford v. Miller, 27 Conn. Sup. 503, 506. 245 A.2d 396 (1368): or where a party can establish facts tending to show fraud, accident or mistake in connection with the entry of the original judgment of foreclosure. Crane v. Loomis, , supra, 700. If such grounds are established, then the court may determine that grounds for independent equitable relief exist. Id; Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226, 230 171 A. 438 (1934), see Folwell v. Howell, 117 Conn. 565, 569-70, 169 A. 199
(1933). Dante v. Dante. 93 Conn. 160, 163, 105 A. 353 (1919)."
City Savings Bank of Bridgeport v. Miko, 1 Conn. App. 30. 34 (1983) (f.n. 2). CT Page 3432
The defendant essentially asserts the plaintiffs "cannot as a matter of law and fact state a cause of action that should be heard by the court." Baskin's Appeal from Probate, 194 Conn. 635,640 (1984). The plaintiffs have stated an independent equitable action seeking relief from a judgment of strict foreclosure. See East Hartford v. Miller, 27 Conn. Sup. 503,507 (1968). The Superior Court's exercise of its equitable powers is broad, being derived from General Statutes 52-1. Park City Hospital v. Commission on Hospitals and Health Care,210 Conn. 697, 701 (1989). This court has subject matter jurisdiction.
In a forceful and emotionally charged brief, the defendant states that "the plaintiffs herein have had their day in court and have overstayed their welcome." Basically, the defendant claims that the matter is res adjudicata. This claim is a defense which must be raised by the filing of a special defense. If the defendant thereafter believes there are no genuine issues as to any material fact and that it is entitled to judgment as a matter of law, it may move for summary judgment.
The motion to dismiss is denied.
THIM, JUDGE