[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER REGARDING INJUNCTIVE RELIEF AGAINST FORECLOSURE EJECTMENT PENDING NEW TRIAL
Defendant Bridgeport Metal Goods Employees Credit Union, Inc., originally brought an action against plaintiff Gregory J. Howard, Jr. for the non-payment of a note dated February 11, 1987 which the plaintiff purportedly co-signed. The defendant secured a judgment lien against the plaintiff's primary residence and on August 3, 1990 commenced a foreclosure action on the lien, Bridgeport Metal v. Howard, docket no. CV90-0035921S. On June 24, 1991, the court entered a judgment of strict foreclosure and set the law day as June 23, 1992. The plaintiff failed to redeem the property before the expiration of the law day. Title to the plaintiff's property had been transferred and the court issued an execution for ejectment which was served by abode service on July 7, 1992.
In the present action, Howard v. Bridgeport Metal Goods Employees Credit Union, Inc., Docket No. CV92-0041276S, the plaintiff alleges that he had no actual notice of the foreclosure action until July of 1992 because "[a]ll pleadings and communications with counsel were intercepted and arranged by the plaintiff's wife who concealed the action from the plaintiff." (Verified Complaint, para. 5). The plaintiff alleges that had he known of the foreclosure action, he would have defended the suit and redeemed the property and he is presently ready, willing and able to redeem the property. As a result, the plaintiff requests that the court order a new trial pursuant to section 52-270 of the General Statutes. The plaintiff has attached an affidavit to his complaint which contains the foregoing statements.
On October 27, 1992, the plaintiff filed an application for temporary injunction requesting that the court enjoin the defendant from evicting the plaintiff from the foreclosed property. The plaintiff argues in his memorandum supporting the application for temporary injunction that he was unaware of the foreclosure proceedings because his wife had intercepted all communications regarding the action and as a result the CT Page 692 foreclosure writ failed to meet the notice requirements of General Statutes 49-31e. As a result of his lack of knowledge, the plaintiff states that title to his property has been transferred to the defendant and the transfer has allowed the defendant to obtain a windfall of over $50,000.00.
On November 23, 1992 the defendant and his wife testified in court in support of the application. Plaintiff Gregory Howard testified that he first became aware of the foreclosure action in July of 1992, after the issuance of the ejectment order. Plaintiff Gregory Howard testified further that the signature on the pro se appearance, filed in the foreclosure action on August 17, 1990 was not signed by him; that he was not aware of the June 12, 1991 filing of an appearance allegedly by Attorney Donald Altschuler on his behalf in the foreclosure case; and that he never discussed a foreclosure case with Attorney Altschuler nor sought his representation in said case. Plaintiff Gregory Howard also testified that his wife did not tell him about the foreclosure case prior to the order of ejectment. The plaintiff maintains that he is ready and able to redeem the property.
Plaintiff's wife testified that she wrote the checks for their marital debts; that she kept knowledge of the foreclosure action away from her husband and that she obtained the services of Attorney Donald Altschuler. The plaintiff's wife also testified that she arranged a long law day with the expectation that she would be able to pay off the underlying debt in time to redeem the property without notice to her husband.
Although the plaintiff had some difficulty identifying his signature on several documents introduced in evidence during the hearing of this motion, the court finds as credible his testimony that he was not aware of the foreclosure proceeding until sometime in July of 1992. The court further finds as credible the plaintiff wife's testimony that she obtained the services of counsel in the foreclosure case and that she deliberately kept her knowledge of the foreclosure case away from the plaintiff. It is significant to note that during the hearing on this motion plaintiff's wife invoked the protection against self-incrimination provided in theFifth Amendment of the United States Constitution with respect to questions which probed the details of her non-disclosure and which would have illuminated the details of her methodology in handling the foreclosure matter. CT Page 693
I. PLAINTIFF'S REQUEST FOR A NEW TRIAL
Connecticut General Statutes 52-270 provides in material part that:
 (a) The superior court may grant a new trial of any action that may come before it, for . . . want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or in part existed . . . or for other reasonable cause . . . .
 (b) An affidavit signed by any party or his or her attorney shall be presumptive evidence of want of actual notice.
The plaintiff cites to Cavallo v. Derby Savings Bank in support of his request for a new trial. In Cavallo, a judgment of strict foreclosure was entered on the plaintiffs' real property from which the plaintiffs did not appeal and the property was therefore redeemed by the defendant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 282, 449 A.2d 986 (1982). The plaintiffs sought a new trial pursuant to section 52-270, a declaratory judgment vacating and rendering void the foreclosure judgment, and a temporary injunction prohibiting execution of the foreclosure judgment. The plaintiffs claimed that the foreclosure judgment was inequitable due to fraud, accident or mistake. The defendant filed a motion to strike the plaintiff's complaint which was granted, and the plaintiff appealed that decision. The Supreme Court found no error in the trial court's decision to grant the defendant's motion to strike and therefore never reached the issue of whether an injunction and new trial would have been granted had the plaintiff alleged facts sufficient to establish fraud. However, the court states in its decision that;
 [c]ourts of equity may grant relief from the operation of a judgment when to enforce it is against conscience, and where the [party] had no opportunity to make a defense, or was prevented from so doing by accident, or the fraud or improper management of the opposite party, and without fault on his own part. (Citations omitted.) Fraud, accident, mistake, and surprise are recognized grounds for equitable CT Page 694 interference, when one, without his own negligence, has lost an opportunity to present a meritorious defense to an action, and the enforcement of the judgment so obtained against him would be against equity and good conscience, and there is no adequate remedy at law.
(Citations omitted). Id., see also Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226, 171 A.2d 438 (1934); East Hartford v. Miller, 27 Conn. Sup. 503, 506, 245 A.2d 396
(Super. Ct. 1968). Since title to the property has been transferred, the plaintiff may not request the court to open and modify the foreclosure judgment pursuant to section 49-15 of the General Statutes. General Statutes 49-15; East Hartford v. Miller, supra, 506. However, the plaintiff may bring an independent equitable action seeking to open the judgment of strict foreclosure and grant relief from its operation. East Hartford v. Miller, supra, 507. However, the court may not order relief against the operation of a judgment if the court finds that the fraud, accident, or mistake was caused in part by the plaintiff's negligence. Jarvis v. Martin, 77 Conn. 19, 21,59 A. 15 (1904).
If this court finds the plaintiff never received notice of the action and was unable to present a defense due to accident, fraud, or mistake, and because of no negligence on his part, the court may grant the plaintiff's request for a new trial.
II. PLAINTIFF'S REQUEST FOR A TEMPORARY INJUNCTION
The plaintiff's request for a temporary injunction to enjoin the defendant from ejecting him from the property is an equitable remedy which may be granted if the court finds that the plaintiff will be irreparably harmed by the ejectment and has no adequate remedy at law.
In general, "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and a lack of an adequate remedy at law." Hartford v. American Arbitration Assn., 174 Conn. 472, 476, 391 A.2d 137 (1978); Silitschanu v. Groesbeck, 208 Conn. 312, 318, 543 A.2d 737 (1988). "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court . . . ." (Citations omitted). Id. "The extraordinary nature of CT Page 695 injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted." Karls v. Alexandra Realty Corporation, 179 Conn. 390, 402,426 A.2d 784 (1980). "Whether damages are to be viewed by a court of equity as irreparable or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary measure of the loss suffered." (Citations omitted.) Emhart Industries, Inc. v. Amalgamated Local Union 376, UAW,190 Conn. 371, 402, 461 A.2d 422 (1983).
The facts in E.M. Loew's Enterprises, Inc. v. Surabian are similar to the facts of this case and that court ordered that an injunction be issued. E.M. Loew's Enterprises, Inc. v. Surabian, 146 Conn. 608, 153 A.2d 463 (1959). In E.M. Loew's Enterprises, Inc., the plaintiff sought a new trial pursuant to section 52-270 of the General Statutes on a default judgment which was entered against her because she claimed to have no notice of the action until she received a letter requesting payment on the judgment. Id., 610. The trial court concluded that the plaintiff had a good defense to the defendant's cause of action and that the plaintiff had been deprived of a reasonable opportunity to defend. Id., 610-611. The court granted the plaintiffs' request for a new trial and an injunction in which the supreme court found no error. Id., 612.
In Small Business Investment Co. v. Cavallo, the trial court ordered injunctive relief restraining the defendant from implementing a previously issued execution of ejectment pending the outcome of an appeal to the supreme court in the case of Cavallo v. Derby Savings Bank. Small Business Investment Co. v. Cavallo, 188 Conn. 286, 287, 449 A.2d 988 (1982). The defendant filed a motion for dissolution of the injunction which was denied by the trial court and the defendant appealed. The supreme court did not address whether or not the injunction should be dissolved because the injunction terminated on its own terms. Id.
The plaintiff in this case has alleged that he "had no knowledge of the [foreclosure] action, judgment or law day" and "[h]ad he known . . . of the action, he would have defended the suit and redeemed the property . . . [and he] "is presently ready, willing and able to redeem [the] property." The plaintiff claims that if a new trial is granted, he would then be in a position to buy back his family's home. The plaintiff also asserts that he will be irreparably harmed should he and his CT Page 696 family be thrown out of their home and there is no remedy at law which can replace the home.
Certainly, the homeowner interest and injury which the plaintiff claims in this case fall within the category of matters for which the equity power of the court is well suited. Hoey v. Investors' Mortgage Guaranty Co., supra.
This court finds that plaintiff Howard Gregory, Jr. had no notice of the foreclosure action prior to the passage of title.[1] The court further finds that the plaintiff will be irreparably harmed if any order is not issued to maintain the status quo of his occupancy of the subject premises pending a trial or further hearing in this new action.
ACCORDINGLY, this court issues the following ORDER:
1. That defendant Bridgeport Metal Goods Employees Credit Union, Inc. is temporarily restrained from utilizing the Execution for Ejectment Foreclosure issued in the case of Bridgeport Metal Goods Employees Credit Union, Inc. v. Gregory Howard, Jr. (Docket No. CV90-0035921), and from otherwise attempting to remove the plaintiff, his family or belongings from the premises referred to therein, and from interfering with his use and enjoyment of said premises; and
2. That the parties shall appear before this court on February 3, 1993 at 9:15 a. m. in Derby, Connecticut to be heard as to the necessity for addressing any bond requirements of Connecticut General Statutes Sec. 52-472.
Clarance J. Jones, Judge