[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether it should grant the defendants' motion for summary judgment.
On November 16, 1992, Nancy Burton, the plaintiff, filed a second amended complaint against the Redding Planning and Zoning Commission (RPZ), Gary Michael and Dennis Michael (Michaels), seeking to enjoin the enforcement of a judgment of dismissal entered by this court. According to the amended complaint, on January 22, 1988, the plaintiff appealed the decision of the RPZ approving the Michaels' subdivision application, which approval was published on December 24, 1987, in the Danbury News-Times newspaper (News-Times). After the plaintiff filed the zoning appeal, the Michaels, on January 26, 1988, filed an application for an immediate hearing on a motion to dismiss the plaintiff's appeal. On February 1, 1988, the court conducted a hearing on the motion to dismiss. At the hearing, the Michaels presented as a witness the circulation director of the News-Times, who testified that the newspaper was circulated to 916 of the approximately 2,300 to 2,500 Redding households. In response CT Page 2590 to this witness, the plaintiff presented a publisher of the Redding Pilot who testified that the Pilot was circulated to 1,681 Redding households. On February 2, 1988, the court, after determining that the News-Times is a newspaper having substantial circulation in Redding, dismissed the plaintiff's appeal because the plaintiff did not appeal within fifteen days from the date that notice of the RPZ's decision approving the Michaels' subdivision was published in the News-Times.
The plaintiff further alleges in her amended complaint that the court should enjoin the enforcement of the judgment of dismissal because, in an effort to obtain an immediate hearing on the motion to dismiss:
(1) Gary R. Michael falsely and fraudulently testified as to the effect of the plaintiff's appeal upon a contract he entered into to sell proposed lot 5 of Huntington Estates to Luciano and Debra Angeloni;
(2) the court relied upon such false, misleading and fraudulent testimony in rendering a decision dismissing the plaintiff's appeal at the continuation of said hearing on February 2, 1988;
(3) no appeal from such judgment was available;
(4) enforcement of the said judgment would be inequitable, unjust and unconscionable;
(5) the plaintiff has been and continues to be irreparably harmed as a direct result of said decision; and
(6) the plaintiff lacks an adequate remedy at law.
On October 30, 1992, in response to the plaintiff's original complaint, the RPZ filed an answer and a special defense asserting res judicata. On that same date, the RPZ filed a motion for summary judgment accompanied by a supporting memorandum of law. In the memorandum of law, the RPZ states that the plaintiff petitioned the Appellate Court (case No. PAC-87-055) for review of the judgment dismissing the plaintiff's appeal, which petition was denied on May 13, 1988, and then petitioned for a review of that decision; however, the petition for review was denied on June 22, 1988. CT Page 2591 In addition, on September 19, 1988, the plaintiff moved to reopen the judgment of dismissal rendered by the court on February 2, 1988; however, the court did not reopen the judgment.
On November 18, 1992, the Michaels filed an answer to the plaintiff's second amended complaint and a special defense asserting res judicata. On that same date, the Michaels filed a motion for summary judgment, accompanied by a memorandum of law incorporating RPZ's memorandum of law. On November 24, 1992, the RPZ filed an answer to the plaintiff's second amended complaint, again asserting as a special defense, the doctrine of res judicata. On that same date, the RPZ filed a supplemental brief in support of its motion for summary judgment.
On November 27, 1992, the plaintiff filed an objection to the motions for summary judgment, arguing that the doctrine of res judicata is still inapplicable because a court in equity may enjoin the enforcement of a judgment if the judgment was procured by fraud. In addition, the plaintiff argues that summary judgment should enter in her favor because the court erred in concluding that the News-Times is a newspaper of substantial circulation within the meaning of the statute. On December 9, 1992, the plaintiff filed a request for leave to file a supplemental objection, accompanied by a copy of the supplemental objection.
"In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." (Emphasis added.) Practice Book, Sec. 379, as amended October 1, 1992. "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citation omitted.) Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "General speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." CT Page 2592 (Citations omitted.) United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596 (1969). "[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Practice Book, Sec. 384; Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991).
"[A] summary disposition should be rendered in the limited instances where the evidence is such that no room for disbelief could exist in the minds of the jury and in circumstances which would require a directed verdict for the moving party." (Citation omitted.) Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v. Urban Redevelopment Commission, supra, 380. "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven, supra, 279-80. As a result, when deciding a motion for summary judgment, the court must view "`the evidence in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn.'" Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 43 (1986).
In the present case, the defendants argue that the doctrine of res judicata bars the plaintiff's instant suit. The defense of res judicata must be specially pleaded in accordance with Practice Book, Sec. 164. Anderson v. Latimer Point Management Corporation, 208 Conn. 256, 263,545 A.2d 525 (1988). It follows that disposition based on res judicata is properly accomplished through a motion for summary judgment. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 686-87, 490 A.2d 509 (1985). The doctrine of res judicata provides that a former judgment may serve as an absolute bar to a subsequent action involving claims relating to such cause of action which were actually made or which might have been made. Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43, 526 A.2d 1329 (1987). "Our rules of res judicata are based on the public policy that `a party should not be allowed to relitigate a matter which it CT Page 2593 already has had an opportunity to litigate.'" Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 363-64,511 A.2d 333 (1986). On February 1 and February 2, 1988, the court heard oral argument concerning the defendants' motion to dismiss the plaintiff's administrative appeal based upon lack of subject matter jurisdiction. After hearing testimony and argument, the court dismissed the administrative appeal because the plaintiff failed to appeal within fifteen days from the date that notice of the decision was published, as required by statute. Accordingly, although the plaintiff in her complaint and memorandum of law attempts to assert that the court erred in dismissing her administrative appeal, it is clear that the plaintiff is barred by the doctrine of res judicata from relitigating the judgment of dismissal.
In spite of the above, the plaintiff argues that the doctrine of res judicata is inapplicable because the instant action is not an attempt to relitigate or reopen the judgment of dismissal, but is an attempt to avoid the enforcement of a judgment obtained by fraud. "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." (Emphasis added.) Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559,436 A.2d 24 (1980). "[C]ourts of equity may grant relief from the operation of a judgment when to enforce it is against conscience, and where the appellant had no opportunity to make a defense, or was prevented from so doing by accident, or the fraud or improper management of the opposite party, and without fault on his own part." East Hartford v. Miller, 27 Conn. Sup. 503, 506, 245 A.2d 396
(Super.Ct. 1968).
 `In all cases, where by accident, mistake, fraud or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of that injustice, and it is, therefore, against conscience that he should use that advantage, a court of equity will interfere, and restrain him from using the advantage which he has thus improperly gained.' [Citation omitted.] In CT Page 2594 Allis v. Hall, 76 Conn. 322, 330, 56 A. 637, our law is summed up in this way: `An examination of the many cases involving an application of this principle discloses that fraud, collusion, accident, mistake, surprise and ignorance of the defense, when the negligence of the party is not one of the producing causes, are frequently recognized as creating situations justifying equitable interference, where it is also shown that a meritorious defense has been lost thereby, that the execution of the judgment would be against equity and good conscience, and that there is no other adequate remedy.'
Folwell v. Howell, 117 Conn. 565, 568-69, 169 A.2d 199
(1933). As a result, it is clear that the doctrine of res judicata does not bar the present action because the plaintiff did not have an opportunity to litigate the issue of whether the defendants fraudulently obtained an unfair advantage in the previous hearing, thereby making execution of the judgment against equity and good conscience.
Although the doctrine of res judicata does not bar the plaintiff's action, it is found that the court should grant the defendants' motion for summary judgment. In the present case, the plaintiff alleges that the Michaels allegedly obtained by fraud an immediate hearing on the motion to dismiss. However, "`[w]henever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it `can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.' [Citations omitted.]" Baldwin Piano v. Organ Co. v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982). Once the question of lack of jurisdiction is raised, it must be disposed of no matter in what form it is raised. Castro v. Viera, 207 Conn. 420, 429,541 A.2d 1216 (1988). The lack of subject matter jurisdiction cannot be waived by the parties, and when discovered by the court, the court shall dismiss the action. Practice Book, Sec. 145. In an administrative appeal, where the appeal is filed after the statutory appeal period has expired, the trial court lacks subject matter jurisdiction. Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545
(1989). According to the transcript of the hearing conducted on February 2, 1988, which is attached to defendants' motion CT Page 2595 for summary judgment, it is clear that the court dismissed the administrative appeal because the plaintiff failed to appeal within fifteen days after the notice of decision was published in the News-Times, and did not dismiss the appeal for any reason pertaining to the alleged fraud. As a result, even if the plaintiff proves that the defendants fraudulently procured the immediate hearing, the alleged fraud does not make the execution of the judgment of dismissal against equity and good conscience because: (1) the plaintiff attended the immediate hearing; (2) the plaintiff elicited testimony from witnesses at the hearing; and (3) the plaintiff orally argued the jurisdictional issues at the hearing. Therefore, the plaintiff had every opportunity to advance a defense, and the plaintiff was not fraudulently prevented from advancing a defense. In addition, the plaintiff instituted the present action only after the plaintiff applied to the Appellate Court for certification of the appeal from the court's decision, applied to the same court for a review of the denial of certification, and moved this court to reopen the judgment of dismissal. As a result, the plaintiff had an adequate remedy at law. Accordingly, in the absence of a genuine issue of material fact, the defendants are entitled to judgment as a matter of law; therefore, the court shall grant the defendants' motions for summary judgment.
William McGrath, Judge