[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 14, 1996
The plaintiff, Ronald B. Cohen brings this lawsuit against the defendant, Sound House Condominium Association by way of an independent action seeking to reopen a judgment of foreclosure entered in favor of the defendant, Sound House, in an earlier proceeding. Also, he seeks an injunction against Sound House in a pending summary process action. This plaintiff admits ownership of Unit 202, 850 Atlantic Street, Bridgeport, Connecticut, which in he purchased in September of 1994. On June 5, 1995, the defendant, Sound House instituted a foreclosure action against Cohen for nonpayment of delinquent common charges. Cohen testified he lived with Louise Bailey at the Green Apartments in Bridgeport as she was ill from June, 1995 to September or October of 1995. He indicated that he never received the foreclosure papers and never appeared in court in connection with that action. He also stated that he had P.O. Box 1511, Bridgeport, CT., where his mail was delivered. He also admitted he had financial difficulties especially with the IRS although he CT Page 4894 maintained his mortgage payments. He first learned of the judgment in the foreclosure action when he was served with the notice to quit in December, 1995 or January. 1996. The evidence further discloses that he maintained utilities at Unit 202, 850 Atlantic Street, Bridgeport during the pendency of the foreclosure action although there was an interruption for a period of time with a reconnect in August of 1995. The plaintiff also admitted that he parked his vehicle at Sound House and that he knew he was delinquent on common charges as the matter was brought to his attention by Bonnie Barkley, president of the condominium association. In fact, she testified that she informed Cohen that the foreclosure had been instituted although the condominium would work with him on a repayment plan. Also, there was no change in his phone or security number in the lobby of the condominium.
In East Hartford v. Miller, 27 Conn. Sup. 503, 245 A.2d 396
(1968), the court there indicated that an independent equitable action is a proper procedure to open a judgment of strict foreclosure. However, this court finds that the instant case is controlled by Hoey v. Investors Mortgage and Guaranty Co.,118 Conn. 226, 171 A. 438 (1934), which held: "courts of equity may grant relief from the operation of a judgment when to enforce it is against conscience, and where the appellant had no opportunity to make defense, or was prevented from doing so by accident, or the fraud or improper management of the opposite party, andwithout fault on his own part." Id., 231 (underlined supplied).
 Furthermore, "the indulgence granted by the defendant to afford the plaintiff opportunity to obtain funds with which to satisfy the mortgage debt seems at least fair and we can find nothing in the facts of the case which suggest fraud, accident or surprise or which renders the foreclosure judgment unconscionable. Its consequences to the plaintiff, involving loss of her home and a substantial equity in it, are manifestly grievous and regrettable, but they differ, if at all, only in degree from those of many recent cases in which mortgagors, because of unanticipated conditions which prevent maintenance of payments from current income and earnings, and render difficult or impossible the obtaining of loans from other sources, find themselves unable to meet obligations incurred at a more prosperous and optimistic time." Id. 232
CT Page 4895
The court notes the striking similarities between the cited case and the instant case.
Finally, our courts have recognized that a person can have more than one place of abode and service of process is valid if made in any one of a person's "usual place[s] of abode." Clegg v.Bishop, 105 Conn. 564, 570, 136 A. 468 (1927). Also, as held inPlonski v. Halloran, 36 Conn. Sup. 335, 420 A.2d 117 (1980), it is clear that one's "usual place of abode" is in the place where he would most likely have knowledge of service of process. The determination of "usual place of abode" is one of fact and the court can consider various circumstances.
Accordingly, the court finds that the plaintiff's abode was Unit 202, 850 Atlantic Street, Bridgeport and that he was properly served at that address. Further, the court finds that he was inattentive to the foreclosure action and the defendant's actions in obtaining a judgment of foreclosure were not unconscionable.
For these reasons, the court enters judgment in favor of the defendant, Sound House Condominium Association and denies the plaintiff's request for an injunction.
GROGINS, J.