[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MAY 20, 1998 MOTION TO RE-OPEN
People's Bank held a 1989 mortgage on a residence and sued to foreclose on a 1996 alleged default. Said bank mistakenly listed a senior encumbrance, a $24,000 1986 mortgage. This representation was a substantial factor in prompting the court (Thim, J.), on October 27, 1997, to order a strict foreclosure. Apparently, however, the truth was that the senior encumbrance had been paid off in March, 1989, and said payee was People's.
The parties before this court agree that without the erroneously listed predecessor mortgage, the correct presentation of the facts would have resulted in a foreclosure by sale with the concomitant prospect that defendant debtor might recover some of her equity.
Before title vested in People's, defendant, thru counsel, filed (January 22, 1998) a motion to re-open the judgment of strict foreclosure, which never came on to be heard by the Court.[1]
On January 31, 1998, the law days having passed, title vested in People's Bank. In May, 1998, new counsel, appearing for defendant Diane Rogers, sought to re-open.[2]
People's claims that once said title vests judgment cannot be re-opened even if the judgment occurred in the manner it did via People's error.
The court feels constrained to agree and notes that the ostensible injustice resulting may be righted in another forum.
A more detailed exposition of the facts and law is necessary.
In a complaint filed February 18, 1997, the plaintiff, People's Bank ("the plaintiff"), filed an action seeking foreclosure on property mortgaged by the defendant, Iris Lemdon ("Lemdon"). The complaint listed several senior encumbrances, including an open-end mortgage in the amount of $24,000 from the CT Page 137 defendant, Diane Rogers ("Rogers") to People's Bank.[3] On September 25, 1997, a motion for default for failure to plead was granted against the defendants, Lemdon and Rogers. On October 27, 1997, the court, Thim, J., granted the plaintiff's motion for strict foreclosure and set January 27, 1998, et seq., as law days.
On January 22, 1998, Lemdon and Rogers filed a motion to reopen judgment of strict foreclosure. A review of the file indicates that this motion was not acted upon by the court. On May 20, 1998, Rogers filed another motion to reopen. The plaintiff filed an objection to the motion to dismiss on June 15, 1995.
In the latest motion to reopen, Rogers argues that the court entered a judgment of strict foreclosure based on erroneous or fraudulent allegations of the plaintiff. Rogers asserts that the plaintiff's complaint of February 18, 1997, erroneously or fraudulently states that the property in question was encumbered by a mortgage from People's to Rogers, when, in fact, People's had been paid off by Rogers on March 30, 1989. As a result of this inconsistency, Rogers alleges that the court ordered a strict foreclosure rather than a foreclosure by sale. As a result, according to Rogers, the owner of the equity was precluded from recognizing some of that equity at a sale of the property. As such, Rogers argues that it is unconscionable for the bank to take advantage of its own mistakes and reap the windfall of a strict foreclosure.[4]
The plaintiff objects and argues that the defendants are precluded from seeking to reopen the judgment of strict foreclosure. According to the plaintiff, the present matter is governed by General Statutes § 49-15 which allegedly precludes the court from exercising jurisdiction to open a judgment once title vests in the encumbrance. The plaintiff argues that since no one redeemed the property during the law days, title automatically vested in it and thus the court lacks jurisdiction to reopen the judgment of strict foreclosure.
General Statutes § 49-15, entitled "Opening of Judgments of Foreclosure," states: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the direction of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section CT Page 13852-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall he opened after the title has become absolute in any encumbrancer."
The final modifying sentence of the statute has been construed in a strict, literal manner. "Both the Supreme Court and [the appellate] court have ruled that, under this statute, a judgment of foreclosure cannot be opened after title has become absolute in any encumbrancer . . ." (Citations omitted.)Merry-Go-Round Enterprises, Inc. v. Molnar, 10 Conn. App. 160,162, 521 A.2d 1065 (1987).
In the present case, there is a threshold issue as to whether title had actually vested with the plaintiff January 31, 1998, the day following the last law day. The defendants had filed a motion to reopen the judgment several days before the first law day. Under the holding of Farmers Mechanics Savings Bank v.Sullivan, 216 Conn. 341, 579 A.2d 1054 (1990), a timely appeal to reopen a judgment of strict foreclosure creates an automatic stay that necessitates the sitting of new law days after the pending motion is heard. As a result, title does not vest "absolutely in any encumbrancer." Id., 353.
However, the defendants did not file the motion to reopen within twenty days from the judgment of strict foreclosure and thus the automatic slay provisions do not apply. See Farmers Mechanics Savings Bank v. Sullivan, supra, 216 Conn. 324-48;Farmers Mechanics Bank v. Kneller, 40 Conn. App. 115, 123-24,670 A.2d 324 (1996). "[T]he mere filing of a motion to reopen the judgment does not result in an automatic stay . . ." (Citations omitted; internal quotation marks omitted.) Id. at. 122. Thus, when the original law day passed and the defendants failed to redeem, the equity of redemption was extinguished and title to the property vested absolutely in the plaintiff, regardless of a pending motion to open. Id. at 123-124.
Even though the plaintiff has absolute title in the foreclosed property, § 49-15 does not automatically divest the court of jurisdiction to hear the motion to reopen. Recently, our Supreme Court held that, consistent "with its authority to exercise its equitable discretion in foreclosure proceedings, the trial court must be afforded the authority to open judgments on a case-by-case basis in order that complete justice may be done . . ." New Milford Savings Bank v. Jajer, 244 Conn. 251,262, 708 A.2d 1378 (1998). Thus, in Jajer, the court concluded CT Page 139 that, because of the equitable nature of foreclosure proceedings, § 49-15 did not preclude the trial court from exercising its discretion to open the judgment of strict foreclosure in a case where the encumbrancer mistakenly omitted reference to one parcel of land in a foreclosure action on three such parcels.[5]
The circumstances of the present case strongly suggest that the plaintiff gains a windfall obtained by its own misrepresentation, not to say, fraud. The question that needs to be resolved is whether the assertions in Rogers' motion to reopen are sufficient to invoke the equitable motion of foreclosure and preclude the applicability of § 49-15 as was the case inJajer. While the original inclination of this court was otherwise, existing precedent makes it necessary to distinguish the outcome in Jajer factually inapplicable to the present case.
It is well-established that the "power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; [and] hence judgments obtained by fraud may be attacked at any time."Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980). "Our courts have made clear, however, that while fraud may be grounds for collateral attack on a judgment of strict foreclosure by an independent action in equity, fraud is not ground for opening a judgment after title has become absolute in an encumbrancer." Merry-Go-Round Enterprises, Inc. v. Molnar, supra,10 Conn. App. 162 n. 1. See also Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226, 230-31, 171 A. 438 (1934); CitySavings Bank of Bridgeport v. Miko, 1 Conn. App. 30, 34 n. 2,467 A.2d 929 (1983). Thus, even when the encumbrancer's conduct is "outrageous and unconscionable" it is "sad to relate, [that] the only relief that can be obtained by the plaintiffs . . . is through the medium of an independent action . . ." East Hartfordv. Miller, 27 Conn. Sup. 503, 507, 245 A.2d 396 (1968).
The motion to reopen the strict foreclosure must therefore be denied. As title has vested in the plaintiff, the court is precluded by § 49-15 from opening the judgment even though the plaintiff may have acted to the defendants' detriment.[6]
The defendants might file an independent equitable action seeking to open the judgment of strict foreclosure; see American Mortgagev. Decortin, Superior Court, judicial district of Litchfield, Docket No. 051256, 2 CONN. L. RPTR. 381 (September 4, 1999) (Dranginis. J.).
NADEAU, J. CT Page 140