[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT STATE OF CONNECTICUT'S MOTION TO DISMISS
The plaintiff, Michael Eason in the above-entitled matter CT Page 10137 filed a petition for a hearing pursuant to the provisions of Connecticut General Statutes Section 46b-172 as claimed in the plaintiff's prayer for relief. The defendant, State of Connecticut has filed a motion to dismiss dated March 19, 1999 claiming that the court should dismiss the current action under the prior pending action doctrine in that there is an ongoing action under docket no. FA-96-062053 pending in the Hartford Superior Court involving the same parties and issues.
The plaintiff is seeking relief under Chapter 815y of the Connecticut General Statutes entitled Paternity Matters. Section46b-172 (c) as applied to the present controversy states in part:
 ". . . The prior judgment as to paternity shall be res judicata as to that issue for all paternity acknowledgments filed with the court on or after March 1, 1981, but before July 1, 1997, and shall not be reconsidered by the court unless the person seeking review of the acknowledgment petitions the Superior Court for the judicial district having venue for a hearing on the issue of paternity within three years of such judgment."
The briefs of the parties in this case refer to a prior action entitled Loretta Ridley v. Michael Eason, docket no. FA-96-620453. This case was commenced by a paternity petition filed by the State of Connecticut under the provisions of Sec. 46b-162
of the Connecticut General Statutes. The court has reviewed the pleadings in said case and transcripts of proceedings before the Magistrates on April 30, 1996, May 19, 1998 and December 10, 1998. On April 30, 1996 the Magistrate held a hearing wherein both parties testified and the court entered a judgment finding the defendant Michael M. Eason the father of the minor children, Michael W. Eason and Milik W. Eason born August 24, 1995. Prior to the' hearing the Magistrate inquired whether or not the defendant Michael Eason wanted the services of an attorney, genetic testing and a contested trial. The offers were rejected and the defendant proceeded at the hearing without legal representation and admitted that he was the father of the twins. No appeal was taken from the judgment of paternity, support order, and arrearage finding. The defendant, pro se filed a motion to reopen the judgment requesting paternity testing which was denied by the Magistrate after a hearing on December 10, 1998. No appeal was taken from the denial to open the judgment. The defendant through counsel filed a motion to suspend child support payments. The motion also requested that the court order CT Page 10138 appropriate paternity tests. A hearing was held on May 19, 1998. The relief was denied by the Magistrate and an appeal filed. That appeal is presently pending before the Superior Court, judicial district of Hartford.
The plaintiff in the present case is seeking relief through the provisions of Section 42a-172. The plaintiff has alleged that the judgment of the Magistrate finding him as father of the minor children was based on an acknowledgment of paternity and affirmation of paternity which is factually incorrect. The Magistrate Court made a finding of paternity and subsequent orders re: support, arrearage, etc. after a hearing and testimony of the parties. Prior to the hearing, the defendant was given notice of his rights to legal counsel, genetic testing and contested trial which he voluntarily waived before the court.
The court does not have the power to grant the relief requested by the plaintiff based on the provisions of the statute relied upon in prosecuting his petition. The petition for a hearing under Sections 46b-172(c) only applies to a case where a paternity determination is made based on an acknowledgment of paternity. It does not apply to a case wherein paternity was established after a hearing where the defendant waives his right to counsel, genetic testing and contested trial. The petitioning plaintiff has no right to prosecute a petition for a hearing pursuant to Section 42b-172(c) based on the present facts. The hearing was mandated because the state filed a paternity petition and a judgment of paternity and support was entered on April 30, 1996 with no appeal from the determination as to the paternity of the two minor children. The paternity determination was not predicated on an acknowledgment of paternity as alleged by the petitioning plaintiff.
The plaintiff through oral argument claimed that the court should also consider the petition as a petition for a new trial under 52-270 of the Connecticut General Statutes. The plaintiff did not claim in his pleadings and/or prayer for relief that he is entitled to a new trial pursuant to the provisions of Sec. 50 270. The court will therefore not treat the present petition as a petition for a new trial. Furthermore, See 52-270 provides a different standard of proof than a hearing to determine paternity after the filing of an acknowledgment of paternity. A petition for a new trial requires a plaintiff to prove that he lacked the opportunity to make or the prevention from making a defense. The existence of a good defense must also be proved to obtain a new CT Page 10139 trial because of the lack of opportunity to present the defense at the first trial. Dante v. Dante, 93 Conn. 160 (1919) andBellonio v. Thomas Mortgage Co., 111 Conn. 103 (1930). The plaintiff in the present case clearly had the right and opportunity to obtain genetic testing prior to trial. He was clearly advised of his rights by the Magistrate prior to the commencement of the hearing on April 3, 1996 when he was adjudicated the father of the minor child with support orders entered.
Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. Jurisdiction of the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. Demar v. Open Soace and ConservationCommission, 211 Conn. 416 (423-424) (1989). Doe v. Doe,246 Conn. 652, (1998). There is no subject matter jurisdiction because the statute relied upon by the petitioner does not provide for it. Dunham v. Dunham, 97 Conn. 440, (1922). As previously stated above, the court is of the opinion that there is no present controversy to adjudicate. The matter of paternity has already been adjudicated in the Magistrate Court and the statute relied upon by the petitioner does not provide the court with the power to grant the relief requested. The court therefore has no subject matter jurisdiction concerning the present petition. The motion to dismiss, filed by the defendant is hereby granted.
James J. Devine, J.